IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.  6:13-CV-921-ORL-36GJK
CLASS ACTION

HEATHER VENERUS
individually and on behalf of all
others similarly situated,

    Plaintiff,
vs.

AVIS BUDGET CAR RENTAL, LLC.
and BUDGET RENT-A-CAR SYSTEM, INC.

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND JURY TRIAL

Plaintiff, HEATHER VENERUS ("VENERUS"), individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby files this Amended Complaint against AVIS BUDGET CAR RENTAL, LLC. ("AVIS/BUDGET"), and BUDGET RENT-A-CAR SYSTEM, INC. ("BUDGET") as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2), because (a) the Plaintiff VENERUS is a member of the putative classes which consist of at least 100 members; she is a citizen or subject of a foreign state; the Defendants are citizens of states; (b) the amount in controversy exceeds $5 million dollars exclusive of interest and costs and (c) none of the exceptions under §1332

1

apply to this claim.

2. Venue is proper in the Middle District of Florida because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and the Defendants are subject to personal jurisdiction in this district.

## II. THE PARTIES

3. The Plaintiff VENERUS is a citizen and resident of England.

4. The Defendant AVIS/BUDGET is a New Jersey corporation with its principal place of business in New Jersey and thus AVIS/BUDGET is a citizen of New Jersey. AVIS/BUDGET does business throughout the State of Florida, including but not limited to Orange County.

5. The Defendant BUDGET is a New Jersey Corporation with its principal place of business in New Jersey, and thus BUDGET is a citizen of New Jersey. BUDGET does business throughout the State of Florida, including but not limited to Orange County.

## GENERAL ALLEGATIONS

6. On or about July 2010, AVIS/BUDGET entered into a "Car Rental Supply Agreement," with an English entity known as "Affordable Car Hire." A copy of said Agreement, previously obtained from the Defendants, is attached hereto as Exhibit 1. The copy obtained from the Defendants did not include page 4 or the schedule of "Net Rates" referenced in the Agreement.

7. Said Agreement acknowledges on Page 3, that AVIS/BUDGET supplies rental services "throughout the world through its subsidiaries and other licensees of it

or its affiliates." The Defendant BUDGET is such a subsidary of AVIS/BUDGET.

8. Said Agreement further acknowledges that Affordable Car Hire was appointing AVIS/BUDGET "as an official supplier of pre-booked vehicle rental services for its business sold out of the UK into Avis Budget Group Territories."

9. Pursuant to said Agreement, Section 4.1, pg. 6, AVIS/ BUDGET contracted to supply vehicle rental services at specified "Net Rates" "provided that a confirmed reservation is placed at least two days prior to rental."

10. A copy of one of the "Net Rates" to be paid to AVIS/BUDGET or BUDGET pursuant to the "Car Rental Supply Agreement" (Ex. 1), is attached as Exhibit 2, and it includes charges and coverage for LDW, (Loss Damage Waiver) and SLI (Supplemental Liability Insurance) or ALI (Additional Liability Insurance).

11. On September 15, 2010, the Plaintiff VENERUS procured the rental of a BUDGET vehicle through USrentacar.co.UK, an affiliate of Affordable Care Hire, agreeing to pay the "Net Rate" dictated by the Car Rental Supply Agreement. A copy of the invoice evidencing said transaction is attached hereto as Exhibit 3.

12. Subsequently, VENERUS was given a "Prepaid Rental Voucher," number 1111675, attached hereto as Exhibit 4, to be presented at the BUDGET rental counter in Sanford, Florida, upon VENERUS' arrival in Florida, on September 17, 2010.

13. Pursuant to the previously negotiated "Net Rate," and as the Prepaid Rental Voucher indicates, VENERUS' rental was to include LDW and SLI or ALI up to $1 million.

14. On September 17, 2010, VENERUS arrived in Sanford, Florida and consummated the rental transaction at the BUDGET counter in Sanford. The transaction was evidenced by the rental receipt, attached hereto as Exhibit 5, indicating that LDW and SLI were "ACCEPTED."

15. At that time, VENERUS was also given a copy of the BUDGET Rental Contract, attached hereto as Exhibit 6, evidencing said transaction. Said contract, in ¶18, describes the SLI purchased by VENERUS as follows:

> 18. **Supplemental Liability Insurance (SLI) & Exclusions.** You'll pay for SLI if available and, if you accept it. In that case, the coverage provided by us according to paragraph 17 above would be primary and the combined limits of liability protection would be $1 million dollars or $2 million dollars depending on the place of rental for bodily injury, death, or property damage for each accident, but not for more than the contracted $1 million or $ 2 million limit for each accident instead of the basic limits stated in paragraph 17 above. This additional coverage will be provided to an authorized driver, as defined in paragraph 16 above, under a separate policy of excess liability insurance more fully described in the available brochure and is subject to all of the conditions and limitations described in paragraph 17 above, except that notwithstanding anything contained in this Agreement, the terms of the policy will at all times control. SLI does not apply to liability for bodily injury or property damage arising out of any "prohibited use of the car" as described in paragraph 15 of this rental agreement. Other exclusions to SLI are listed in the SLI policy. You understand that you will be charged a rate per day for a full day even if you do not have the car for the entire day.

(emphasis supplied in italicized portion, bold language is in original document).

16. On or about September 19, 2010, VENERUS, while operating the rented BUDGET vehicle, was involved in an accident with an uninsured/underinsured motor

4

vehicle operated by one Steven Kohler. The latter vehicle was operated with the knowledge and consent of the owner, Van T. Le-Kohler ("Le-Kohler").

17. As a result of said accident and the negligence of the uninsured/underinsued motorist Steven Kohler, the Plaintiff VENERUS and her passenger, Andrew Malloy, sustained bodily injury.

18. Following said accident, VENERUS and Malloy submitted claims to BUDGET and requested UM/UIM coverage under the SLI policy purchased at the time of rental. It was VENERUS' and Malloy's position that said coverage should have been made available, pursuant to §627.727(2) Fla. Stat., which requires that UM/UIM coverage be offered to individuals applying for excess liability coverage, such as the SLI coverage purportedly supplied an part of VENERUS' rental agreement.

19. On October 11, 2011, AVIS BUDGET responded to VENERUS' and Malloy's claim for coverage. As the response, Exhibit 7, indicates, AVIS BUDGET represented that VENERUS was insured under an SLI policy issued by ACE American Insurance Company with liability limits of $1 million dollars. However, according to AVIS/BUDGET, the policy provided no UM/UIM protection for VENERUS or Malloy.

20. On or about August 3, 2012, VENERUS and Malloy filed suit against ACE, Kohler and Le-Kohler in the United States District Court for the Middle District of Florida, case number 6-12-CV-1204-31 GJK. With respect to ACE, VENERUS and Malloy contended the ACE policy should be reformed to provide $1 million dollars in UM/UIM coverage because ACE had failed to comply with §627.727(2) Fla. Stat., by making UM/UIM coverage available to VENERUS at the time she purchased the SLI

coverage.

21.     Following the filing of said suit, on October 24, 2012, AVIS BUDGET, in effect, forwarded an amended insurance disclosure. In its new response, Exhibit 8, AVIS BUDGET indicated that VENERUS had not purchased SLI coverage through BUDGET from ACE, but rather that there was no such policy of insurance and that BUDGET would be providing said coverage through what the AVIS BUDGET representative described as "self-insurance." Said ALI or SLI coverage has also been described by various representatives of the Defendants, including Brian Shick, AVIS BUDGET's Director of Contract, Leisure and International Inbound Pricing and, Barbara Vitale, AVIS BUDGET's Director of Corporate Risk Management and Insurance as "contractual" SLI insurance coverage.

22.     Following the receipt of the October 24, 2012 denial of coverage letter, Plaintiff's counsel undertook extensive discovery to ascertain the nature of the rental transaction involving VENERUS, BUDGET and USrentacar.co.UK, and the nature of the SLI policy purchased by VENERUS from BUDGET.

23.     Ultimately, it was determined that the ACE policy purportedly purchased by VENERUS did not provide any coverage to VENERUS. As such, on April 24, 2013, ACE was dropped as a party to the pending suit in the Middle District of Florida.

24.     Further, discovery obtained from AVIS BUDGET representatives indicated that, contrary to AVIS/BUDGET's and BUDGET's representations, and contrary to what was indicated in the lease documents, there was no SLI policy providing coverage to VENERUS.

25. Specifically, said discovery indicated that in order to increase sales and income by inducing rentals through the pre-paid rental or voucher program, Defendants misrepresented that as part of the rental of AVIS/BUDGET or BUDGET vehicles under the pre-paid rental or voucher program, AVIS/BUDGET and BUDGET would be providing ALI or SLI coverage through a policy of insurance. As Barbara Vitale, AVIS/BUDGET Director of Corporate Risk Management and Insurance indicated in deposition testimony unless the representation was made that SLI or ALI coverage was provided through the prepaid rental or voucher program "we couldn't get these businesses."

### III. CLASS ALLEGATIONS

26. The allegations contained in paragraphs 1 through 25 are incorporated herein by reference.

27. This Complaint is brought as a class action pursuant to Fed. R. Civ. P. Rule 23.

28. Plaintiff brings this action on behalf of:

> (1) All persons who rented a vehicle from AVIS/BUDGET or BUDGET, pursuant to a prepaid voucher, where the rental purportedly included SLI or ALI coverage through a policy of insurance and where such coverage was not provided, (the "National Class"); and

> (2) All persons who rented a vehicle in Florida from AVIS/BUDGET or BUDGET, pursuant to a prepaid voucher, where the rental purportedly included SLI or ALI coverage through a policy of insurance and where such coverage was not provided, (the "Florida

7

Class").

Excluded from the classes are Defendants, and their officers, employees, agents and affiliates ("excluded persons"), their subsidiaries, legal representatives, heirs, successors and assigns. Finally, where it is appropriate herein, members of both classes will be referred to collectively as "Class Members."

29. Although the precise number of Class Members is unknown to Plaintiff at this time and can only be determined by appropriate discovery, Plaintiff is informed and believes that the classes of persons affected by Defendants unlawful acts consist of thousands of people, and are so numerous that joinder of all Class Members is impracticable. The unlawful sales practices and defective disclosures alleged herein were standardized, uniform practices employed by Defendants and resulted in unlawful sales of purported SLI or ALI policies to thousands of putative Class Members.

30. Plaintiff is a member of both classes. Her claims are typical of the claims of the Class Members and she will fairly and adequately protect the interests of the Class Members. The interests of Plaintiff are coincident with and not antagonistic of those of the other Class Members.

31. This class action is necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(a), because the prosecution of separate actions by or against individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

32. Class treatment is also necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(b), because the prosecution of separate actions by or against individual Class Members

8

would create a risk of adjudications with respect to individual Class Members that as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

33. Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole pursuant to Rule 23(b)(2).

34. Pursuant to Rule 23(b)(3), a class action is superior to the other available methods for the fair and efficient adjudication of the controversy because, among other things, it is desirable to concentrate the litigation of the Class Members' claims in one forum, since it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, as the damages suffered by individual Class Members may be small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for them to seek individual redress for the wrongs done to them. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

35. There exist numerous common questions of law and fact in this action, within the meaning of Rule 23(a)(2) Fed. R. Civ. P., and they predominate over any questions affecting only individual Class Members within the meaning of Rule 23(b)(3).

36. The common questions of law and fact include, but are not limited to:

    (a) Whether Defendants breached contracts to

9

procure SLI or ALI policies of insurance;

(b) What portion of the rental charges paid through the prepaid voucher should be reimbursed to the Class Members because of the Defendants' failure to obtain ALI or SLI policies;

(c) Whether Plaintiff and the Class Members are entitled to the return of premiums for said SLI or ALI policies;

(d) Whether the Defendants violated the following Florida Statutes by permitting their rental agents to "sell" SLI or ALI policies, which were never delivered to Florida Class Members:

- Florida Statute §624.401, and §626.901 which prohibit the unauthorized sale or the illegal transaction of insurance and which constitute a felonies subject to the penalties and fees set forth in §626.910 Fla. Stat.

- Whether Defendants violated §627.062 and §627.0405 in failing to file rates for the sale of SLI coverage to Plaintiff and the Florida Class Members.

- Whether Defendants violated §626.112 Fla. Stat. in failing to obtain appropriate licensing for the sale of SLI coverage to the Florida Class Members.

- Whether the Defendants violated §627.410 Fla. Stat. by failing to file appropriate policy forms for the SLI coverage purportedly sold to Plaintiff and Florida Class Members.

- Whether the Defendants violated §627.421 in failing to delivery policies of SLI coverage to Plaintiff and the Florida Class Members.

10

- Whether the Defendants violated §626.9541 by:

(a) making false and misleading statements about providing SLI "policies" to Plaintiff and the Florida Class Members, see §626.9541(a);

(b) by knowingly collecting a premium or charges for insurance which was not provided to Plaintiff and the Florida Class Members. See §626.9541(o); and

(c) by failing to state and identify the amount charged and to be paid for SLI or ALI "policies" sold to Plaintiff and the Florida Class Members under the prepaid rental or voucher program. See §626.9541(p).

(e) Whether Defendants violated the Florida Deceptive and Unfair Trade Practices Act Fla. Stat., §501.201 et. seq. Fla. Stat.

(f) Whether Defendants violated §772.103 Fla. Stat.

(g) Whether the contracts for the purported sale of SLI or ALI policies that Defendants sold in Florida to the Florida Class Members are illegal and enforceable under Florida law, requiring restitution by Defendants and the disgorgement of all premiums paid pursuant to those contracts, together with interest. And

(h) Whether Plaintiff and the Class Members are entitled to declaratory, injunctive or other equitable relief to require Defendants in the future to obey and comply with the applicable law in connection with its prepaid voucher programs and the purported sale and maintenance of SLI or ALI policies.

## COUNT I

### CLASS MEMBERS' CLAIM FOR BREACH OF CONTRACT
### TO PROCURE INSURANCE AGAINST AVIS BUDGET AND BUDGET

37. The allegations contained in paragraphs 1 through 36 above of this Complaint are incorporated herein by reference.

38. The Defendants' failure to procure SLI and ALI policies for the Plaintiff and the Class Members constitutes a breach of individual contracts to procure said SLI or ALI policies as well as a breach of the "Car Rental SupplyAgreement" obligating AVIS/BUDGET and its subsidiaries to provide one million in ALI coverage in return for payment of the applicable net rate. The Class members were intended third party beneficiaries of the Car Rental Supply Agreement, (Ex. 1), and AVIS BUDGET's contractual obligation to provide $1 million in ALI coverage, since said coverage would have insured the Class Members against liability for use of the subject vehicles.

39. As a result of said breach(es) the Plaintiff and the Class Members are entitled to a refund of premiums or sums representing payment for such coverage, plus costs and such other or further relief as is appropriate.

## COUNT II

### CLASS MEMBERS' CLAIM FOR UNJUST ENRICHMENT
### AGAINST AVIS BUDGET AND BUDGET

40. The allegations of paragraph 1 through 36 of this Complaint are incorporated herein by reference.

41. Plaintiff and Class Members conferred a monetary benefit on Defendants. Defendants received and retained money belonging to Plaintiff and the Class Members

in the form of payment for SLI or ALI coverage.

42. The Defendants appreciate and have knowledge of such benefits.

43. Under principles of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiff and the Class Members because Defendants failed to procure the SLI or ALI policies promised to the Class Members.

44. As a result of said actions, Plaintiffs and the Class Members are entitled to reimbursement of all funds representing payment for said SLI or ALI coverage plus costs and such other or further relief as is appropriate.

## COUNT III

### FLORIDA CLASS MEMBERS' CLAIM FOR DISGORGEMENT AND RESTITUTION OF PREMIUMS COLLECTED PURSUANT TO THE ILLEGAL CONTRACTS OF INSURANCE VIOLATING FLORIDA LAW

45. The allegations of paragraphs 1 through 36 of this Complaint are incorporated herein by reference.

46. At all relevant times, the Defendants were jointly engaged in the unlawful marketing and purported sale of SLI or ALI insurance to Plaintiff and Florida Class Members.

47. Said marketing and purported sale of SLI or ALI insurance was illegal and resulted in the issuance of unenforceable contracts of "insurance" by the Defendants.

48. As a result of said actions, the Defendants reaped financial benefits in the form of premium income from the purported sale of SLI or ALI policies to the Florida Class Members.

49. The Defendants actions in purportedly selling the SLI or ALI insurance to

the Florida Class Members violated the following Florida Statutes:

- Florida Statutes §624.401 and §626.901 which prohibit the unauthorized sale or the illegal transaction of insurance and which constitutes a felony subject to the penalties and fees set forth in §626.910 Fla. Stat.

- Florida Statute §627.062 by failing to file rates for the sale of SLI coverage to Plaintiff and the Florida Class Members.

- Florida Statute §626.112 by failing to obtain appropriate licensing for the sale of SLI coverage to the Florida Class Members.

-Florida Statute §627.410 Fla. Stat. by failing to file appropriate policy forms for the SLI or ALI coverage purportedly sold to Plaintiff and Florida Class Members.

- Florida Statute §627.421 by failing to deliver policies of SLI coverage to Plaintiff and the Florida Class Members.

- Florida Statute §626.9541 by:

 (a) making false and misleading statements about providing of SLI or ALI "policies" to Plaintiff and the Florida Class Members, see §626.9541(a), and

(b) by knowingly collecting a sum as a premium or charge for insurance which was not provided to Plaintiff and the Florida Class Members, see §626.9541(o), and

(c) by failing to state an identify the amount charged and to be paid for SLI or ALI "policies" sold to Plaintiff and the Florida Class Members under the prepaid rental or voucher program. See §626.9541(p).

50. As a result of Defendants' unlawful conduct, the SLI or ALI coverage purportedly sold to the Florida Class Members constituted illegal and unenforceable contracts of insurance.

51. The Defendantd received premium income pursuant to the illegal insurance contracts that resulted from Defendants' unlawful sales of SLI or ALI coverage to Plaintiff and the Florida Class Members.  Defendants alone caused those unlawful sales and bear sole legal responsibility for the illegal insurance contracts that resulted.

52. Defendants are required to disgorge and make restitution to Plaintiff and the Florida Class Members of all sums or premiums paid under the illegal insurance contracts, together with interest and such other or further relief as is appropriate.

## COUNT IV

### FLORIDA CLASS MEMBERS' CLAIM FOR VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

53. The allegations contained in paragraphs 1 through 52 above are incorporated herein by reference.

54. This is an action by Plaintiff and the Florida Class Members against the Defendants for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).

55. Section 501.211 Fla. Stat. grants a private right of action for violation of FDUTPA.

56. FDUTPA expresses a primary policy "To protect the consuming public… from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce" and that

15

the act "shall be construed liberally to promote [such] policies. . . ." §501.202 Fla. Stat.

57.  Under §501.203(3)(c) Fla. Stat., a violation of "[Any law, statute, rule, regulation, or ordinance which proscribes unfair, deceptive, or unconscionable acts or practices" is automatically a violation of FDUTPA.

58.  As set forth above, the Defendants purported sale of SLI or ALI policies to the Florida Class Members constitutes a per se violation of Florida law as well as an unconscionable act or practice, or unfair or deceptive act or practice in the conduct of trade and commerce in the State of Florida.

59.  As a direct and proximate result of the Defendants unlawful and deceptive activity, the Plaintiff and the Florida Class Members have been damaged.

60.  The Plaintiff has retained the undersigned counsel to prosecute this action and Plaintiff and Florida Class Members are entitled to recovery of their reasonable attorney fees pursuant to Florida Statute §501.211(2) and §501.210.

## COUNT V

### FLORIDA CLASS MEMBERS' CLAIM PURSUANT TO §772.104 FLA. STAT.

61.  The allegations of paragraph 1 through 60 above are incorporated herein by reference.

62.  Pursuant to §772.104 any person who proves by clear and convincing evidence that he or she has been injured by a reason of any violation of the provisions of §772.103 Fla. Stat. shall have a cause of action for threefold the damages sustained, and in any such action, is entitled to minimum damages in the amount of $200.00 and reasonable attorney fees and court costs in the trial and appellate courts.

63. The Defendants actions of purportedly selling SLI or ALI policies to the Florida Class Members constitute transacting insurance without a certificate of authority in violation of §624.401 Fla. Stat.

64. As used in Chapter 772 Fla. Stat., the term "criminal activity" includes, under §772.102, the act of transacting insurance without a certificate of authority in violation of §624.401.

65. Each purported sale of SLI or ALI insurance constituted a prohibited criminal activity within the meaning of §772.103 Fla. Stat.

66. At all times material hereto, the Defendants AVIS/BUDGET and BUDGET collectively constituted an association in fact or enterprise within the meaning of §772.103 Fla. Stat.

67. In violation of §772.103(3), AVIS/BUDGET and BUDGET conducted or participated in the affairs of the association in fact or enterprise identified herein.

68. In violation of §772.103(3), AVIS/BUDGET and BUDGET conducted or participated in the affairs of said association in fact or enterprise, by participating directly or indirectly in such enterprise through a pattern of criminal activity or collection of an unlawful debt consisting of the purported sale of SLI or ALI policies in violation of §624.401 Fla. Stat.

69. Said actions on the part of AVIS/BUDGET and BUDGET constitutes, within the meaning of §772.103(4), a conspiracy or an endeavor to violate the provisions of §772.103(3).

70. The Plaintiff has retained the undersigned counsel to prosecute this action and Plaintiff and the Florida Class Members are entitled to the recovery of reasonable attorney fees and costs pursuant to §772.104(1).

## COUNT VI

### CLASS MEMBERS' CLAIM FOR DECLARATORY AND INJUNCTIVE OR OTHER EQUITABLE RELIEF

71. The allegations of paragraph 1 through 70 above are incorporated herein by reference.

72. Defendants were and are required by law to obtain contracts for policies of SLI or ALI coverage promised to individual Class Members under the prepaid voucher rental program.

73. Unless prevented by this Court, Defendants will continue to violate the law in connection with the purported sale of said SLI or ALI policies to the irreparable injury of consumers.

74. Plaintiff and the Class Members are entitled to injunctive and declaratory or other appropriate equitable relief to require Defendants to comply with applicable law in connection with the sale of SLI or ALI coverage under the prepaid voucher program.

18

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members demand judgment against Defendants for damages in an amount to be proven at trial, including actual damages, statutory damages, nominal damages, refund of premiums paid, interest, attorneys fees and costs together with declaratory, injunctive and other appropriate equitable relief to require Defendants to comply with applicable law in connection with the sale of SLI or ALI coverage under its prepaid voucher program.  In addition, Plaintiff demands trial by jury of all issues  so triable.

Respectfully submitted,

Edmund A. Normand, Esq.
Wooten, Kimbrough and Normand, P.A.
236 South Lucerne Circle
Orlando, FL 32801

&

 /s/Christopher J. Lynch
Christopher J. Lynch
FBN: 331041
HUNTER, WILLIAMS & LYNCH, P.A.
The Monarch Grove Building
2977 McFarlane Road, Suite 301
Miami, Florida 33133
clynch@hunterwilliamslaw.com

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using CM/ECF system this 15th day of August, 2013. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in the some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of electronic filing.

             /s/ Christopher J. Lynch
             Christopher J. Lynch
             FBN: 331041
             HUNTER, WILLIAMS & LYNCH, P.A.
             The Monarch Grove Building
             2977 McFarlane Road, Suite 301
             Miami, Florida 33133
             clynch@hunterwilliamslaw.com

             &

             Edmund A. Normand, Esq.
             Wooten, Kimbrough and Normand, P.A.
             236 South Lucerne Circle
             Orlando, FL 32801
             ednormand@whkpa.com

SERVICE LIST

| | |
|---|---|
| Philip Glatzer, Esq. | Robert T. Wright, Jr. |
| Marlow Connell Abrams Adler | Stroock & Stroock & Lavan, LLP |
| Newman & Lewis | 200 South Biscayne Blvd |
| Attorneys for Defendants | Suit 3100 |
| 4000 Ponce De Leon Blvd. Suite 570 | Miami, Florida 33131 |
| Coral Gables, FL 33146 | rwright@stroock.com |
| pglatzer@marlowconnell.com | Bfrontino@stroock.com |