UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HEATHER VENERUS,

    Plaintiff,

v.                                                      Case No: 6:13-cv-921-Orl-36GJK

AVIS BUDGET CAR RENTAL, LLC and
BUDGET RENT-A-CAR SYSTEM, INC.,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon the Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 38). In the motion, Defendants state that all counts of Plaintiff's Amended Complaint (Doc. 32) should be dismissed with prejudice. The Court, having considered the motion and being fully advised in the premises, will grant in part and deny in part Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

**I.**     **Factual Allegations[1]**

In July of 2010, Defendant AVIS BUDGET CAR RENTAL, LLC ("AVIS") entered into a Car Rental Supply Agreement[2] ("the Agreement") with an English entity known as Affordable Car Hire. Doc. 32 at ¶ 6; Doc. 32-1. The Agreement acknowledges that AVIS supplies rental services "throughout the world through its subsidiaries and other licensees of it or its affiliates." Doc. 32-1 at p. 4. The Defendant BUDGET RENT-A-CAR SYSTEM ("BUDGET") is a

---

[1] The following statement of facts is derived from Plaintiff's Amended Complaint (Doc. 32), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

[2] Plaintiff states that the copy of this Agreement provided by the Defendants, and subsequently attached to the Amended Complaint, was incomplete – missing page 4 and the schedule of "Net Rates" referenced in the Agreement. Doc. 32 at ¶ 6.

subsidiary of AVIS. Doc. 32 at ¶ 7. The Agreement further acknowledges that Affordable Car Hire was appointing AVIS "as an official supplier of pre-booked vehicle rental services for its business sold out of the UK into Avis Budget Group Territories." *Id.* at ¶ 8. Pursuant to Section 4.1 of the Agreement, AVIS contracted to supply vehicle rental services to Affordable Car Hire's customers at specified "Net Rates" "provided that a confirmed reservation is placed at least two days prior to rental." *Id.* at ¶ 9. The "Net Rates" to be paid to AVIS pursuant to the Agreement (Doc. 32-2) include charges and coverage for LDW, (Loss Damage Waiver) and SLI (Supplemental Liability Insurance) or ALI (Additional Liability Insurance).[3] *Id.* at ¶ 10.

On September 15, 2010, Plaintiff HEATHER VENERUS ("VENERUS") procured the rental of a BUDGET vehicle through USrentacar.co.UK, an affiliate of Affordable Care Hire, agreeing to pay the "Net Rate" dictated by the Agreement. *Id.* at ¶ 11; Doc. 32-3. Subsequently, VENERUS was given a "Prepaid Rental Voucher," number 1111675, to be presented at the BUDGET rental counter in Sanford, Florida on September 17, 2010. Doc. 32 at ¶ 12; Doc. 32-4. Pursuant to the previously negotiated "Net Rate," and as the Prepaid Rental Voucher indicates, VENERUS' rental was to include LDW and SLI or ALI up to $1 million. Doc. 32 at ¶ 13. On September 17, 2010, VENERUS arrived in Florida and consummated the rental transaction at the BUDGET counter in Sanford. *Id.* at ¶ 14. The rental receipt indicates that LDW and SLI were "ACCEPTED." *Id.*; Doc. 32-5. At that time, VENERUS was also given a copy of the BUDGET Rental Contract, evidencing said transaction. Doc. 32 at ¶ 15; Doc. 32-6. The rental contract describes the SLI purchased by VENERUS as follows:

> 18. <u>Supplemental Liability Insurance (SLI) & Exclusions</u>. You'll pay for SLI if available and, if you accept it. In that case, the coverage provided by us according to paragraph 17 above would be primary and the combined limits of liability protection would be $1

---

[3] The Plaintiff uses the terms ALI and SLI interchangeably.

> million dollars or $2 million dollars depending on the place of rental for bodily injury, death, or property damage for each accident, but not for more than the contracted $1 million or $ 2 million limit for each accident instead of the basic limits stated in paragraph 17 above. This additional coverage will be provided to an authorized driver, as defined in paragraph 16 above, under a separate policy of excess liability insurance more fully described in the available brochure and is subject to all of the conditions and limitations described in paragraph 17 above, except that notwithstanding anything contained in this Agreement, the terms of the policy will at all times control. SLI does not apply to liability for bodily injury or property damage arising out of any "prohibited use of the car" as described in paragraph 15 of this rental agreement. Other exclusions to SLI are listed in the SLI policy. You understand that you will be charged a rate per day for a full day even if you do not have the car for the entire day.

Doc. 32-6 at ¶ 18.

On or about September 19, 2010, VENERUS, while operating the rented BUDGET vehicle, was involved in an accident with an uninsured/underinsured motor vehicle operated by Steven Kohler. Doc. 32 at ¶ 16. The latter vehicle was operated with the knowledge and consent of its owner, Van T. Le-Kohler ("Le-Kohler"). *Id.* at ¶ 16. As a result of said accident and the negligence of the uninsured/underinsured motorist Steven Kohler, VENERUS and her passenger, Andrew Malloy ("Malloy"), sustained bodily injury. *Id.* at ¶ 17.

Following said accident, VENERUS and Malloy submitted claims to BUDGET and requested uninsured/underinsured motorist ("UM/UIM") coverage under the SLI policy purchased at the time of rental. *Id.* at ¶ 18. It was VENERUS' and Malloy's position that said coverage should have been made available, pursuant to Fla. Stat. § 627.727(2). *Id.* at ¶ 18. Section 627.727(2) of the Florida Statutes provides:

> The limits of uninsured motorist coverage shall be not less than the limits of bodily injury liability insurance purchased by the named insured, or such lower limit complying with the rating plan of the company as may be selected by the named insured. The limits set forth in this subsection, and the provisions of subsection (1) which require uninsured motorist coverage to be provided in every motor

3

> vehicle policy delivered or issued for delivery in this state, do not apply to any policy which does not provide primary liability insurance that includes coverage for liabilities arising from the maintenance, operation, or use of a specifically insured motor vehicle. However, an insurer issuing such a policy shall make available as a part of the application for such policy, and at the written request of an insured, limits up to the bodily injury liability limits contained in such policy or $ 1 million, whichever is less.

On October 11, 2011, AVIS responded to VENERUS' and Malloy's claim for coverage stating that VENERUS was insured under an SLI policy issued by ACE American Insurance Company with liability limits of $1 million dollars. *Id.* at ¶ 19. However, according to AVIS, the policy provided no UM/UIM protection for VENERUS or Malloy. *Id.*

On or about August 3, 2012, VENERUS and Malloy filed suit against ACE, Kohler and Le-Kohler in the United States District Court for the Middle District of Florida, case number 6:12-cv-1204-31GJK. *Id.* at ¶ 20. With respect to ACE, VENERUS and Malloy contended the ACE policy should be reformed to provide $1 million dollars in UM/UIM coverage because ACE had failed to comply with Fla. Stat. § 627.727(2) by making UM/UIM coverage available to VENERUS at the time she purchased the SLI coverage. *Id.* at ¶ 20.

Following the filing of said suit, on October 24, 2012, AVIS forwarded an amended insurance disclosure to VENERUS indicating that VENERUS had not purchased SLI coverage through BUDGET from ACE, but rather that there was no such policy of insurance and that BUDGET would be providing said coverage through "self-insurance." *Id.* at ¶ 21; Doc. 32-7. Said ALI or SLI coverage has also been described by various representatives of the Defendants, including Brian Shick, AVIS' Director of Contract, Leisure and International Inbound Pricing and, Barbara Vitale, AVIS' Director of Corporate Risk Management and Insurance as "contractual" SLI insurance coverage. *Id.* at ¶ 21.

Following the receipt of the October 24, 2012 denial of coverage letter, Plaintiff's counsel undertook extensive discovery to ascertain the nature of the rental transaction involving VENERUS, BUDGET and USrentacar.co.UK, and the nature of the SLI policy purchased by VENERUS from BUDGET. *Id.* at ¶ 22. Ultimately, it was determined that the ACE policy purportedly purchased by VENERUS did not provide any coverage to VENERUS. *Id.* at ¶ 23. As such, on April 24, 2013, ACE was dropped as a party to the pending suit in the Middle District of Florida. *Id.* Further, discovery obtained from AVIS representatives indicated that, contrary to AVIS' and BUDGET's representations, and contrary to what was indicated in the lease documents, there was no SLI policy providing coverage to VENERUS. *Id.* at ¶ 24.

Specifically, said discovery indicated that, in order to increase sales and income by inducing rentals through the pre-paid rental or voucher program, Defendants misrepresented that as part of the rental of AVIS or BUDGET vehicles under the pre-paid rental or voucher program, AVIS and BUDGET would be providing ALI or SLI coverage through a policy of insurance. *Id.* at ¶ 25. As Barbara Vitale indicated in deposition testimony, unless the representation was made that SLI or ALI coverage was provided through the prepaid rental or voucher program "we couldn't get these businesses." *Id.* at ¶ 25.

In her Amended Complaint, VENERUS, on behalf of herself and the class she purports to represent, brings claims for (1) breach of contract; (2) unjust enrichment; (3) violations of various Florida insurance statutes; (4) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); (5) violation of Fla. Stat. § 722.104; and (6) declaratory or injunctive relief for herself and the putative class.

## II. Standard of Review

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

When, as here, documents are attached as exhibits to the pleading those documents are considered a part of the pleading for all purposes. *See* Fed. R. Civ. P. 10(c). If there is a conflict between the complaint and the supporting documents, the information contained in the supporting documents controls. *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005).

## III. Discussion

### A. Count I: Breach of Contract

In this Count, Plaintiff alleges breach of the Agreement as well as the individual rental contracts entered into by Plaintiff and the putative class members.

First, Plaintiff alleges a breach of the Agreement between AVIS and Affordable Car Hire (Doc. 32-1). While Plaintiff is not a party to this Agreement, she alleges that she and the putative class members are intended third-party beneficiaries of the Agreement. Doc. 32 at ¶ 38.

> [T]o plead a cause of action for breach of a third party beneficiary contract, a plaintiff must plead the following elements:(1) a contract

>between A and B; (2) an intent, either expressed by the parties, or in the provisions of the contract, that the contract primarily and directly benefit C, the third party (or a class of persons to which that party belongs); (3) breach of that contract by either A or B (or both); and (4) damages to C resulting from the breach.

*Intercoastal Realty, Inc. v. Tracy,* 706 F. Supp. 2d 1325, 1329 (S.D. Fla. 2010). Defendants argue that Plaintiff needs explicit evidence of intent to benefit a third-party to support this claim.

"A third party must establish that the contract either expressly creates rights for them as a third party or that the provisions of the contract primarily and directly benefit the third party or a class of persons of which the third party is a member." *Greenacre Props., Inc. v. Rao,* 933 So. 2d 19 (Fla. DCA 2006). Here, Affordable Car Hire's customers are mentioned in the Agreement and are parties that will directly benefit from the insurance coverage. At this stage, Plaintiff's allegation that "[t]he Class members were intended third party beneficiaries of the Car Rental Supply Agreement, (Ex. 1), and AVIS BUDGET's contractual obligation to provide $1 million in ALI coverage, since said coverage would have insured the Class Members against liability for use of the subject vehicles" (Doc. 32 at ¶ 38) is sufficient to survive a motion to dismiss.

Defendants also argue that Plaintiff has not sufficiently alleged a breach of the Agreement because "Budget, a self-insurer, did in fact provide Plaintiff with liability coverage up to the minimum statutorily-required amount plus the additional $1 million in liability coverage, as agreed." Doc. 38 at p. 12. The Agreement itself makes no mention of ALI or SLI. *See* Doc. 32-1. However, the rate schedule incorporated into the agreement notes that the quoted rates include, *inter alia*, "unlimited mileage and loss damage waiver (LDW), Additional Liability Insurance (ALI) . . . ." Doc. 32-2 at p. 2. The document goes on to indicate that the quoted rates "exclude other coverages, such as PAI and PEP, as well as optional services such as baby seats, ski racks, etc." *Id.* Thus, it would appear that if Defendants charged the quoted rates to Affordable Care Hire's customers but did not provide ALI, the contract would have been breached. Plaintiff alleges

7

that Defendants failed to provide her with ALI or SLI coverage and the documents attached to the Amended Complaint show that she was an Affordable Car Hire customer and was charged the rates quoted in the Net Rates document. Thus, Plaintiff has sufficiently alleged a breach of the Agreement. However, Plaintiff does not allege that Defendant BUDGET was a party to the Agreement. Thus, the third-party beneficiary claim can only be maintained against AVIS.

The second contract at issue in Count I is the rental contract between Plaintiff and BUDGET. Defendants admit the existence of the contract but argue that this claim should be dismissed because Plaintiff did not make any payment to BUDGET for the ALI or SLI coverage. However, Plaintiff alleges that the rental rate as a whole included payment for such coverage, albeit in an undetermined amount. Accordingly, this claim is not subject to dismissal either. Count I will not be dismissed.

### B. Count II: Unjust Enrichment

In Count II, Plaintiff alleges that Defendants were unjustly enriched because Plaintiff paid for ALI or SLI coverage that was not provided. However, Defendants correctly state that a claim for unjust enrichment cannot lie where the parties have executed a written agreement which addresses the same subject matter. *See Rushing v. Wells Fargo Bank, N.A.,* 752 F. Supp. 2d 1254, 1265 (M.D. Fla. 2010). Because BUDGET does not contest the existence of a written agreement between itself and Plaintiff, a claim for unjust enrichment cannot lie against BUDGET.

As to AVIS, there is no admission of a written agreement. However, Defendants argue that the unjust enrichment claim against AVIS should be dismissed because Plaintiff did not pay for the alleged SLI or ALI coverage. As discussed above, Plaintiff alleges that the rental rate as a whole included payment for such coverage. Thus, Count II will be dismissed as to BUDGET only.

## C. Count III: Claim for Disgorgement and Restitution of Premiums Collected Pursuant to the Illegal Contracts of Insurance Violating Florida Law

In Count III, Plaintiff accuses Defendants of violating Fla. Stat. §§ 626.401, 626.901, 627.062, 626.112. 627.410, 627.421, and 626.9541. Plaintiff concedes that there is no private cause of action available under Fla. Stat. §§ 626.901, 627.062, 626.112. 627.410, 627.421, or 626.9541. *See* Doc. 45 at p. 11, n3. Thus, Count III is dismissed insofar as it alleges claims under Fla. Stat. §§ 626.901, 627.062, 626.112. 627.410, 627.421, and 626.9541.

With regard to Fla. Stat. § 626.401, Defendants allege that this claim should be dismissed because Defendants did not issue a "policy" of insurance. Section 626.401 provides:

> (1) No person shall act as an insurer, and no insurer or its agents, attorneys, subscribers, or representatives shall directly or indirectly transact insurance, in this state except as authorized by a subsisting certificate of authority issued to the insurer by the office, except as to such transactions as are expressly otherwise provided for in this code.
>
> (2) No insurer shall from offices or by personnel or facilities located in this state solicit insurance applications or otherwise transact insurance in another state or country unless it holds a subsisting certificate of authority issued to it by the office authorizing it to transact the same kind or kinds of insurance in this state.
>
> (3) This state hereby preempts the field of regulating insurers and their agents and representatives; and no county, city, municipality, district, school district, or political subdivision shall require of any insurer, agent, or representative regulated under this code any authorization, permit, or registration of any kind for conducting transactions lawful under the authority granted by the state under this code.
>
> (4) (a) Any person who acts as an insurer, transacts insurance, or otherwise engages in insurance activities in this state without a certificate of authority in violation of this section commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
>
>   (b) However, any person acting as an insurer without a valid certificate of authority who violates this section commits insurance

>fraud, punishable as provided in this paragraph. If the amount of any insurance premium collected with respect to any violation of this section:
>
>>1. Is less than $ 20,000, the offender commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, and the offender shall be sentenced to a minimum term of imprisonment of 1 year.
>>
>>2. Is $ 20,000 or more, but less than $ 100,000, the offender commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, and the offender shall be sentenced to a minimum term of imprisonment of 18 months.
>>
>>3. Is $ 100,000 or more, the offender commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, and the offender shall be sentenced to a minimum term of imprisonment of 2 years.

Fla. Stat. § 624.401. Plaintiff has alleged that Defendants engaged in the transaction of insurance without a certificate by purporting to provide VENERUS with SLI or ALI coverage. This is sufficient to state a violation of § 624.401(1) and (4). Accordingly, to the extent it is based on § 624.401, Count III will not be dismissed.

####     D.     Count IV: Violation of FDUTPA

Defendants argue that Count IV should be dismissed for the same reasons that Count III should have been dismissed, but then states that if the Court finds that BUDGET was an "insurer" under Fla. Stat. § 624.401 it would be exempted from FDUTPA. Doc. 38 at p. 19. This "logic" is perplexing, but the Court need not delve into the details of it. Defendants' arguments for dismissing Count III failed there and fail here as well. Furthermore, Plaintiff is entitled to plead this claim even though it might be rendered moot if BUDGET is determined to be an "insurer" for purposes of Count III. Finally, Defendants once again attempt the "no damages" argument to undermine this claim. As previously discussed, however, Plaintiff has alleged damages sufficiently – even if the exact amount is not known.

### E.     Count V: Claim Pursuant to § 772.104, Fla. Stat.

Section 772.104 of the Florida Statutes provides a civil remedy for criminal conduct. Plaintiff alleges that the violation of section 624.401 asserted in Count III is a criminal activity entitling Plaintiff to recover under § 772.104. As with Count III, Defendants argue that they are not "insurers" and Plaintiff cannot establish a violation of § 624.401. However, this Court has already held that Plaintiff has sufficiently stated a claim under § 624.401 and that she has alleged monetary damages. Accordingly, Count V will not be dismissed either.

### F.     Count VI: Claim for Declaratory and Injunctive or Other Equitable Relief

In Count VI Plaintiff requests "injunctive and declaratory or other appropriate equitable relief to require Defendants to comply with applicable law in connection with the sale of SLI or ALI coverage under the prepaid voucher program." Doc. 32 at ¶ 74. The only type of relief that would "require" Defendants to do anything other than pay damages would be injunctive relief. As Defendants correctly point out, injunctive relief, as asserted here, is a type of remedy – not a separate cause of action.[4] *See Hames v. City of Miami*, 479 F. Supp. 2d 1276, 1280 n.3 (S.D. Fla. 2007). Accordingly, Count VI will be dismissed for failure to state a claim.

**ORDERED AND ADJUDGED**:

1.     Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 38) is GRANTED in part and DENIED in part;

2.     The third-party beneficiary claim in Count I is dismissed as to Budget Rent-A-Car System, Inc.

3.     Count II is DISMISSED as to Defendant Budget Rent-A-Car System, Inc. only;

---

[4] It should be noted that Plaintiff has not alleged a cause of action for a permanent injunction or for a declaratory judgment in Count VI. Rather, the Amended Complaint merely requests injunctive and declaratory or other equitable relief.

11

4. Count III is DISMISSED insofar as it alleges claims under Fla. Stat. §§ 626.901, 627.062, 626.112. 627.410, 627.421, and 626.9541;

5. Count VI is DISMISSED in its entirety; and

6. Defendants shall answer the Amended Complaint in accordance with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Tampa, Florida on August 18, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any