# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# IN THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

## CASE NO. 6:13-CV-921-CEM-GJK

HEATHER VENERUS, individually
and on behalf of all others similarly situated,

    Plaintiff,

AVIS BUDGET CAR RENTAL, LLC
and BUDGET RENT-A-CAR SYSTEM, INC.,

    Defendants.

## **CLASS ACTION SETTLEMENT AGREEMENT**

# TABLE OF CONTENTS

**Page**

EXHIBITS ................................................................................................ 3

RECITALS .............................................................................................. 4

I.     DEFINITIONS ................................................................... 11

II.    PRELIMINARY APPROVAL OF THE SETTLEMENT ................... 16

III.   CLASS NOTICE ................................................................. 19

IV.   SETTLEMENT ADMINISTRATOR ........................................ 23

V.     CLASS ACTION FAIRNESS ACT NOTICE ............................. 24

VI.   CLAIMS PAYMENTS ......................................................... 24

VII.   CLAIM SUBMISSIONS ....................................................... 26

VIII. CLAIMS ADMINISTRATION ................................................. 27

IX.   ATTORNEYS' FEES AND COSTS AWARD AND SERVICE AWARDS ....... 31

X.     FINAL APPROVAL OF THE PROPOSED SETTLEMENT ............... 32

XI.   OBJECTIONS ................................................................... 33

XII.   DENIAL OF LIABILITY ..................................................... 35

XIII. DISMISSAL OF ACTION AND RELEASE OF CLAIMS ................ 36

XIV. RETENTION OF RECORDS ................................................. 37

XV.   MISCELLANEOUS PROVISIONS ......................................... 37

EXHIBIT A

## <u>EXHIBITS</u>

1. Proposed Preliminary Approval Order

2. Mailed Notice (i.e., Postcard Notice, including detachable Claim Form)

3. E-mail Notice

4. Claim Form

5. Electronic Claim Form

6. Longform Notice Form

7. Payment Option Form

EXHIBIT A

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is made by and between Heather Venerus ("Plaintiff"), individually and as representative of the Settlement Class defined below, and (2) Defendants Avis Budget Car Rental, LLC and Budget Rent a Car System, Inc. (together, "Avis Budget" or "Defendants"). Plaintiff and Defendants are referred to collectively as "the Parties."

This Agreement effects a full and final settlement and dismissal with prejudice of all Released Claims against all Released Persons (as those terms are defined herein) relating to the above-captioned lawsuit (the "Action") on the terms and to the full extent set forth below, subject to the approval of the Court.

## **RECITALS**

WHEREAS, on June 12, 2013, Heather Venerus filed a Class Action Complaint against Defendants Avis Budget in the United States District Court for the Middle District of Florida, Case No. 6:13-cv-921-CEM-GJK; and

WHEREAS, on August 15, 2013, Heather Venerus filed an Amended Complaint (Doc. 32); and

WHEREAS, on September 17, 2013, Defendants filed a motion to dismiss the various claims and/or allegations (Doc. 38), in response to which Plaintiff filed a response in opposition (Doc. 45) and in support of which Defendants filed a reply (Doc. 51); and

WHEREAS, on August 18, 2014, this Court entered an Order (Doc. 66) granting in part and denying in part the motion to dismiss, in that the Court

EXHIBIT A

granted the motion to dismiss Counts I-II as it pertained to Defendant Budget Rent-A-Car System, Inc., granted the motion to dismiss Count III as it pertained to certain statutory provisions, granted the motion to dismiss Count IX in its entirety, and otherwise denied the motion ; and

WHEREAS, on September 2, 2014, Defendants filed an Answer to the Amended Complaint to the extent not dismissed by this Court (Doc. 69); and

WHEREAS, on October 8, 2014, Plaintiff filed a Renewed Motion for Class Certification concerning the remaining counts in the Amended Complaint (Doc. 80); and

WHEREAS, on December 12, 2014, Defendants filed a memorandum in opposition to Plaintiff's renewed motion for class certification (Doc. 93), in support of which Plaintiff filed a reply (Doc. 103); and

WHEREAS, on September 25, 2015, this Court granted in part and denied in part the motion for class certification, denying the motion as it pertained to Plaintiff's claims addressing the alleged failure to procure a $1 million supplemental liability insurance (SLI Policy) from ACE American Insurance Company (ACE), and granting the motion as it pertained to Plaintiff's claims addressing the contractual self-insurance coverage (Doc. 149);[1] and

WHEREAS, from August 28, 2015, through December 24, 2015, the Parties filed motions for summary judgment and briefs in opposition and

---

[1] Moving forward, this Agreement refers to the former as "failure-to-procure claim" and to the latter as "contractual self-insurance claim."

EXHIBIT A

support thereof (Docs. 141-42, 164-65, 170-71), along with numerous other filings and Daubert briefs; and

WHEREAS, on January 13, 2016, Plaintiff filed an unopposed motion for approval of a Notice plan related to the Order granting class certification (Doc. 176), which the Court granted on January 20, 2016 (Doc. 180); and

WHEREAS, on February 18, 2016, Defendants filed a motion to bifurcate for trial the class claims and Plaintiff's individual claims (Doc. 188), which Plaintiff opposed (Doc. 195); and

WHEREAS, on March 29, 2016, this Court entered an order on the cross motions for partial summary judgment (Doc. 203), granting only Defendants' motion insofar as it related to the breach of supply agreement as third-party beneficiary, and otherwise denying the Parties' cross-motions entirely; and

WHEREAS, on April 21, 2016, the Parties filed a Joint Pretrial Statement, including proposed jury instructions, verdict forms, exhibit lists, deposition designations, and witness lists (Docs. 226-27); and

WHEREAS, on April 27, 2016, the Court denied the Motion to Bifurcate but *sua sponte* redefined the certified class to only include class members who rented pursuant to Defendants' S8 tour rate code (Doc. 232); and

WHEREAS, on May 11, 2016, Plaintiff moved for reconsideration of the order amending the class definition (Doc. 233), and, on May 23, 2016, Plaintiff moved for reconsideration of the Order denying Plaintiff's partial motion for summary judgment (Doc. 238); and

EXHIBIT A

WHEREAS, on June 13, 2016, Defendants filed a response in opposition to Plaintiff's motion for reconsideration of the summary judgment order and a cross-motion for reconsideration (Doc. 249), along with a response in opposition to Plaintiff's motion for reconsideration of the Order amending the class definition, along with a cross-motion to decertify the class (Doc. 250), to which Plaintiff filed respective responses (Docs. 253-54); and

WHEREAS, on August 25, 2016, Defendants filed a second (Doc. 268) and third (Doc. 269) motion to decertify the class—the latter of which Defendants subsequently amended (Doc. 276)—to which Plaintiff responded (Doc. 282); and

WHEREAS, the Parties filed numerous trial and pre-trial filings related to exhibits lists, deposition designations, jury instructions, witness lists, and motions in limine (Docs. 283-301); and

WHEREAS, on September 29, 2016, this Court entered an Order on the various pending motions, granting summary judgment in Plaintiff's favor on her individual claim for breach of the contract to procure the ACE $1 million SLI Policy (for which class certification had been denied), and granting summary judgment in Avis Budget's favor on the contractual self-insurance claims (for which class certification had been granted) while decertifying the class (Doc. 302); and

WHEREAS, on October 11, 2016, the Parties entered a joint stipulation related to Plaintiff's individual breach of contract damages (Doc. 307); and

EXHIBIT A

WHEREAS, on October 12, 2016, this Court entered judgment in Plaintiff's favor and, based on a joint stipulation limited to her individual breach of contract claim, awarded Plaintiff damages of $12.44 per day as a result of the breach of contract for the failure to procure an ACE $1 million SLI Policy (Doc. 310); and

WHEREAS, on February 21, 2017, Plaintiff filed her appellate brief seeking reversal of this Court's denial of class certification as it pertains to the failure to procure claims, as well as this Court's summary judgment in Defendants' favor on Plaintiff's contractual self-insurance claims; and

WHEREAS, on May 24, 2017, Avis Budget dismissed their cross-appeal of this Court's order granting summary judgment in Plaintiff's favor on her individual claim for breach of the failure to procure the ACE $1 million SLI Policy claim; and

WHEREAS, from May 24, 2017, through July 5, 2017, the Parties briefed the remaining issues on appeal, namely the propriety of class certification for the failure to procure claims and this Court's order granting summary judgment in Avis Budget's favor on the contractual self-insurance claims; and

WHEREAS, on December 6, 2017, the Parties engaged in oral argument in Miami, Florida, in front of the Eleventh Circuit Court of Appeals; and

WHEREAS, on February 1, 2018, the Eleventh Circuit Court of Appeals entered an order and opinion reversing this Court's denial of class certification concerning Plaintiff's failure to procure claim, and otherwise affirming this

EXHIBIT A

Court's orders on class certification and summary and final judgment; and

WHEREAS, on April 4, 2018, upon remand from the Eleventh Circuit Court of Appeals, Plaintiff filed a renewed motion for class certification (Doc. 343), to which Defendants filed a brief in opposition (Doc. 348) and Plaintiff filed a reply brief in support (Doc. 367); and

WHEREAS, on May 24, 2018, Avis Budget filed a motion to dismiss for lack of Article III standing, along with a motion for relief from judgment (Docs. 350-51), to which Plaintiff filed briefs in opposition (355-56) and Avis Budget filed a reply brief in support (Doc. 366); and

WHEREAS, on March 29, 2019, this Court entered an Order granting Plaintiff's motion for class certification, and denying Defendants' motion to dismiss for lack of Article III standing and for relief from judgment (Doc. 370); and

WHEREAS, on April 8, 2019, Avis Budget filed a motion to reconsider the Court's order denying the motion to dismiss for lack of Article III standing, or, in the alternative, to certify the Order for interlocutory review (Doc. 372), which Plaintiff opposed (Doc. 376); and

WHEREAS, on April 12, 2019, Avis Budget filed a Fed. R. Civ. P. 23(f) petition for interlocutory appeal, which, on April 22, 2019, Plaintiff opposed; and

WHEREAS, on May 17, 2019, the Eleventh Circuit Court of Appeals denied the Rule 23(f) petition for interlocutory appeal (Doc. 377); and

WHEREAS, on June 20, 2019, this Court denied Defendants' motion for

EXHIBIT A

reconsideration or, in the alternative, to certify for interlocutory review the denial of Defendants' motion to dismiss for lack of Article III standing (Doc. 379); and

WHEREAS, from May 24, 2021, through July 2, 2021, the Parties filed cross-motions and briefs related to summary judgment on liability and damages for the class member claims (Docs. 415, 419, 429-30, 438, 441); and

WHEREAS, from May 24, 2021, through June 25, 2021, the Parties filed multiple Daubert-related briefs (Docs. 417, 420, 435-37); and

WHEREAS, on July 28, 2021, this Court entered an Order resolving numerous motions, including the cross-motions for summary judgment and the Daubert-related briefing (Doc. 453); and

WHEREAS, the Parties filed voluminous pre-trial and trial-related briefs, filings, motions, designations, and proposals (Docs. 461-73); and

WHEREAS, on August 30, 2021, the Parties filed omnibus motions in limine (Docs. 483-84); and

WHEREAS, the Parties engaged in numerous mediations conferences, including, beginning in June 2021, a mediation under the guidance of mediator Rodney Max, and, per this Court's Order (Doc. 482), a settlement conference under the guidance of Magistrate Judge Daniel Irick; and

WHEREAS, the Plaintiffs and Class Counsel, while believing that the claims asserted in the Action are meritorious, have considered the risks associated with the continued prosecution of this complex and time-consuming

EXHIBIT A

litigation, the risks associated with the forthcoming jury trial and subsequent potential appeal on either the merits, class certification, or both, the relief secured in this Agreement, as well as the likelihood of success at the trial and/or appeal of this Action, and believe that, in consideration of all the circumstances, the Proposed Settlement embodied in this Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members; and

WHEREAS, Avis Budget, while denying wrongdoing of any kind and without admitting liability, nevertheless agrees to enter into this Agreement to avoid further burden, expense and risk of protracted litigation and to effect a full and final settlement of the claims asserted in this Action on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY AGREED by and among the Parties, through their respective counsel, that the Action be settled and compromised by the Plaintiff, the Settlement Class, and Avis Budget on the following terms and conditions, subject to the approval of the Court:

I. **DEFINITIONS**

For purposes of this Settlement Agreement, the following terms shall be defined as set forth below:

a. "Administrative Costs" or "Administration Costs" means the fees and costs incurred by the Settlement Administrator to implement and effectuate this Settlement, including, but not limited to, costs associated with effectuating and implementing notice to Settlement Class Members, responding to inquiries and other correspondence related to the Settlement, analyzing and paying valid claims, claims handling, postage, website maintenance, costs

EXHIBIT A

to email, and all other administrative costs necessary to comport with this Agreement.

b.    "Attorneys' Fee Award" means the Court-determined award of attorneys' fees, costs, and expenses to Class Counsel.

c.    "Blank Claim Form" shall mean a claim form, electronic or paper, that is not pre-filled with the Settlement Class Member name, date of loss, or Claim ID.

d.    "Confidential Information" means all data and/or discovery and/or documents provided by Avis Budget relating to Settlement Class Members and any other proprietary business information of Avis Budget.

e.    "Claim Form" means the Court-approved paper (not electronic) claim form, without material alteration from Exhibit 4, that a Settlement Class Member may submit to be considered for payment under the Final Settlement.

f.    "Claim Payment" or "Claims Payments" means the payment issued by Avis Budget to Settlement Class Members who submit valid and timely claims, as set forth in Paragraphs 25-30.

g.    "Claims Submission Deadline" means the date by which Claim Forms must be postmarked or Electronic Claim Forms must be electronically submitted to be considered timely, which shall be 150 days after the Notice Date.

h.    "Class Counsel" means the attorneys approved and appointed by the Court to represent the Settlement Class Members.

i.    "Class Period" means the period from June 12, 2008, through December 31, 2015.

j.    "Court" means the United States District Court for the Middle District of Florida.

k.    "E-mail Notice" means the Court-approved notice form, without material alteration from Exhibit 3, e-mailed to potential Settlement Class Members, as provided in Paragraphs 7-10.

l.    "Effective Date" means the date that is five (5) days after the last of the following events have occurred:

(1) This Agreement has been fully executed by the Parties and/or their counsel;

(2) No Party has terminated the Agreement;

(3) Orders have been entered by the Court certifying a Settlement Class, granting preliminary approval of this Agreement, and approving a form of notice and claim forms as provided in this Agreement;

(4) The Court has entered without material change the Final Order and Judgment approving this Agreement and releasing all Released Persons from all Released Claims (as those terms are defined herein), and dismissing the Action with prejudice and without leave to amend, as provided in this Agreement;

(5) The Court has fully resolved any application made by Class Counsel for an Attorneys' Fees and Costs Award; and

(6) The Final Order and Judgment has become Final as defined in Paragraph (p) below.

m.  "Electronic Claim Form" means the Court-approved electronic (not paper) claim form, without material alteration from Exhibit 5 except those alterations necessary to convert to electronic format with the functionality described in Paragraphs 31-37, that a Settlement Class Member may submit electronically to be considered for payment under the Final Settlement.

n.  "Eligible Class Member" means a Settlement Class Member who timely submits a Claim Form or Electronic Claim Form in accordance with Paragraphs 31-37 and satisfies the eligibility criteria stated in Paragraph I(gg).

o.  "Fairness Hearing" means the fairness hearing conducted by the Court to consider final approval of this Agreement.

p.  "Final" means that (a) the Final Order and Judgment is a final, appealable judgment and (b) either (i) the time for seeking rehearing or appellate or other review has expired and no appeal or petition for rehearing or review has been timely filed from the Final Order and Judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the Final Order and Judgment having been commenced, the Settlement is affirmed on appeal or review without material change or such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or reargument,

EXHIBIT A

petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been fully and finally resolved in such manner that affirms the Final Order and Judgment, and no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal or certiorari could be taken has finally expired and relief from a failure to file same is not available.

q.    "Final Order and Judgment" means an order from the Court approving the Settlement Agreement, disposing of all claims asserted in the Action, and settling and releasing all claims consistent with the terms of this Agreement.

r.    "Final Settlement" means the settlement approved by the Court in the Final Order and Judgment as fair, reasonable, and adequate.

s.    "Service Award" means the potential award to the Plaintiff, if any, as determined by the Court.

t.    "Longform Notice" means Notice without material change from Exhibit 6.

u.    "Mail Notice" means the Court-approved short form notice (i.e., postcard notice), without material alteration from Exhibit 2, mailed via first-class mail to potential Settlement Class Members.

v.    "Notice Date," "Email Notice Date" or "Mail Notice Date" mean the date of the initial emailing of the Email Notice and mailing of the Mailed Notice to potential Settlement Class Members.

w.    "Notice Plan" means the plan for effectuating and implementing class notice set forth herein in Paragraphs 4-19.

x.    "Opt-Out List" means the list of valid and timely requests for exclusion received after the previous Notices of certification of the Class and compiled by the Settlement Administrator.

y.    "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

z.    "Proposed Preliminary Approval Order" means the proposed

order attached hereto as Exhibit 1.

aa.　"Proposed Settlement" means the settlement described in this Agreement, before final approval by the Court.

bb.　"Release" shall have the meaning given such term in Paragraph 56.

cc.　"Released Claims" means and includes any and all known and unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal or statutory or equitable, claims, liabilities, rights, actions, suits, demands, or causes of action of whatever kind or nature, whether *ex contractu* or *ex delicto*, statutory, common law or equitable, including but not limited to breach of contract, bad faith or extracontractual claims, and claims for punitive or exemplary or other damages, or prejudgment or postjudgment interest, or attorneys' fees, or costs, or losses, or remedies, arising from or out of or relating to the prepaid tour voucher rental contracts and otherwise arising out, based upon, or relating to the Action or the conduct, omissions, duties, or matters at any time from the beginning of the Class Period through the end of the Class Period that were or could have been claimed, raised, brought, or alleged in this Action.

dd.　"Releasing Persons" means: (a) Plaintiff; and (b) Settlement Class Members, and their respective present, former or subsequent assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, agents, attorneys, employees, insurers, and anyone working on their behalf.

ee.　"Released Persons" means (a) Avis Budget; (b) all past and present divisions, parent entities, affiliates, control persons, and subsidiaries of Avis Budget; (c) all past and present officers, directors, agents, attorneys, employees, servants, licensees, third party car rental brokers or suppliers, stockholders or shareholders, partners, joint venturers, successors, assigns, independent contractors, service providers, insurers and reinsurers, advisors, consultants, representatives; and (d) all of the predecessors, heirs, estates, successors, assigns, and legal representatives of any of the entities or Persons listed in this Paragraph.

EXHIBIT A

ff.    "Settlement Administrator" means Angeion Group ("Angeion").

gg.    "Settlement Class" is defined, for settlement purposes only, as set forth in the Court's Order granting class certification (Doc. 370), as amended pursuant to the parties' Joint Notice to Amend the Class Definition (Doc. 397):

*All individuals who (1) rented an Avis or Budget vehicle in the State of Florida after June 12, 2008 and before January 1, 2016, pursuant to a prepaid voucher, and (2) whose Rental Receipt contained the notation "SLI .00/Day Accepted" or "ALI .00/Day Accepted.*

*Excluded from the Class are all such renters who have been involved in accidents and who have outstanding claims for liability or uninsured/underinsured motorist coverage, as well as all such renters whose liability or uninsured/underinsured motorist claims have been paid by Defendants.*

Also excluded from the Settlement Class are (1) the trial judge presiding over this case; (2) Defendants, as well as any parent, subsidiary, affiliate, or control person of Defendants, and the officers, directors, agents, servants or employees of Defendants; (3) any of the Released Persons; (4) the immediate family of any such person(s); (5) any Settlement Class Member who has timely opted out of or requested exclusion from the Settlement after either of the previous Notices and opportunity to opt out were provided; and (6) Class Counsel, their employees and agents, and their immediately family.

hh.    "Settlement Class Member" means any Person encompassed by the definition of the Settlement Class and not excluded from the Class as provided in the Opt-Out List.

ii.    "Valid Claim" means, among other things, a Claim Form that (1) includes the name of a renter that matches Avis Budget's database of prepaid tour voucher renters during the class period and other identifying information as requested in the Claim Form instructions; and (2) is not fraudulent.

## II.    PRELIMINARY APPROVAL OF THE SETTLEMENT

EXHIBIT A

1.    Solely for the purposes of implementing this Agreement and effectuating the Proposed Settlement, the Parties stipulate that Angeion shall be the Settlement Administrator.

2.    Promptly after execution of this Agreement, the Plaintiff shall submit this fully executed Agreement to the Court, and request entry of the Proposed Preliminary Approval Order, without material alteration from Exhibit 1, that specifically:

    (a)    preliminarily approves this Agreement;

    (b)    finds that the Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiff and all Settlement Class Members;

    (c)    finds that the Proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing Notice to the Settlement Class;

    (d)    finds that the Class Action Fairness Act Notice to be made by the Settlement Administrator on behalf of Avis Budget as set forth in Paragraph 30 is in full compliance with 28 U.S.C. § 1715(b);

    (e)    approves the Notice Plan;

    (f)    approves the Claim Form and Electronic Claim Form to be distributed to and/or used by Settlement Class Members, and sets a Mail Notice Date and a Claims Submission Deadline by which the Claim Forms and Electronic Claim Forms must be submitted in order to be deemed timely;

    (g)    approves the settlement website as described in Paragraphs 10-12, which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 180 days after the Claims Submission Deadline;

    (h)    appoints Angeion as the Settlement Administrator;

    (i)    directs the Settlement Administrator to maintain a toll-free IVR telephone system containing recorded answers to

EXHIBIT A

frequently asked questions;

(j)       determines that the Notice provided to potential Settlement Class Members (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the Proposed Settlement; and (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice;

(k)       schedules the Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement and whether it should be finally approved by the Court on a date not sooner than 150 days after entry of the Preliminary Approval Order;

(l)       requires the Settlement Administrator to file proof of completion of Notice at least ten (10) days prior to the Fairness Hearing, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion after receiving notice previously provided in this litigation following the certification Orders, and an affidavit attesting to the accuracy of the Opt-Out List;

(m)       orders that Settlement Class Members will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member never received actual notice of the Action or this Proposed Settlement;

(n)       requires any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or any term of the Proposed Settlement, or to intervene in the Action, to follow the procedures set forth in Paragraphs 45-52 of this Agreement, including those requirements applicable to any attorney representing the Settlement Class Member;

(o)       directs the Settlement Administrator to rent a post office box to which objections, notices of intention to appear, and any other settlement-related communication may be sent, and provides that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise

expressly provided in this Agreement;

(p)   directs the Settlement Administrator to promptly provide copies of all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession to Class Counsel and Avis Budget's counsel;

(q)   stays all proceedings in the Action until further order of the Court, except that the Parties may conduct proceedings necessary to implement the Proposed Settlement or effectuate the terms of this Agreement; and

(r)   implements or orders any other provisions or directives or procedures not contemplated by the Parties, if necessary to comply with governing law and/or binding precedent and if such provisions do not materially alter the substantive terms of this Agreement.

3.   In the event that the Proposed Settlement is not consummated for any reason (including but not limited to reversal on appeal), (a) the Parties and their attorneys shall proceed as though the Agreement had never been entered and the Parties and their Counsel shall not cite nor reference this Agreement (or negotiations relating to this Agreement), (b) nothing in this Agreement and/or the fact that it was entered into and/or negotiations relating to this Agreement shall be offered, received or construed as an admission or as evidence for any purpose in any proceeding, including certification of a class and availability or applicability of prejudgment interest to the Settlement Class Members' Claims should the claims proceed to judgment, and (c) to restore each of the Parties respective position existing immediately before the date on which the Parties filed the Notice of Settlement.

## III.   CLASS NOTICE

4.   Avis Budget will pay the Administrative Costs in an amount not to exceed $400,000.00. To the extent the Administrative Costs exceed $400,000.00, the excess amount will be deducted from the Attorneys' Fee Award.  The $400,000.00 in Administrative Costs are separate from, and not included within, the lawsuit costs and expenses Avis Budget has agreed to pay, if ordered by

EXHIBIT A

the Court, as part of Plaintiff's Attorneys' Fees and Costs Award.

5.    Sixty (60) days after entry of the Preliminary Approval Order, Angeion shall initiate e-mailing of the E-Mail Notice for each claim for whom Avis Budget possesses an e-mail address and mailing by regular mail of the Mail Notice to each potential Settlement Class Member for whom Avis Budget possesses a mailing address but not an e-mail address. The Email Notice and Mail Notice will contain a ClaimantID and will link to or direct the Settlement Class Member to a website at which the Settlement Class Member can access a Claim Form by entering their ClaimantID. If the Settlement Class Member enters their Claimant ID, the Claim Form will be pre-filled with the Class Member's name, Claimant ID, and date(s) of rental(s). Prior to mailing or emailing notice, the Settlement Administrator shall provide the list of Settlement Class Members to Plaintiff and Defendants to confirm accuracy.

6.    The Mail Notice and Claim Form shall be in substantially the same form as Exhibits 2 and 4. Claim Forms provided with the mailed Notice will be pre-filled with a unique Claimant ID, the Settlement Class Member Name, and the date(s) of rental(s) as set forth in Exhibit 4. Avis Budget will provide data to the Settlement Administrator to be used to enable Claim Forms and Electronic Claim Forms to be pre-filled with the Class Member Name and date(s) of rental(s).

7.    For each Settlement Class Member for whom Avis Budget provides an associated e-mail address, the Settlement Administrator shall send E-Mail Notice with a hyperlink to the website, which provides access to a "Make A Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form.  The E-Mail Notice shall be in substantially the same form as Exhibit 3.

8.    If any e-mail is rejected, returned as undelivered, or the Settlement Administrator otherwise receives notice of a failure to transmit, the Settlement Administrator will apply its discretion to adjust wherever possible the settings or functionality, so as to increase the likelihood that a subsequent e-mail will successfully transmit. If a subsequent request is also rejected, returned as undelivered, or the Settlement Administrator otherwise receives notice of a failure to transmit, and if Avis Budget has a physical address associated with the Class Member (or the Class Member,

EXHIBIT A

after previous Notices, has provided a physical address), the Settlement Administrator will send a Mail Notice as set forth above.

9.    The Settlement Administrator shall utilize best practices designed to avoid spam filters, blockers, or any tool designed to prevent receipt of e-mails, and to otherwise design and implement the sending of the e-mail to increase the chance that the E-Mail Notice will be successfully received into the inbox of Settlement Class Members.

10.   The Settlement Administrator shall continue to maintain the website VenerusCarRentalInsurance.com and post the Settlement Agreement, Notice, Longform Notice, Electronic Claim Form, Preliminary Approval Order, Summary Judgment Order, and frequently asked questions. The website may be amended from time to time as agreed to by the Parties. The Settlement Administrator shall maintain the website for at least 180 days after expiration of the Claims Submission Deadline.

11.   The home page of the website shall reflect the case settlement and shall have a "Make A Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form by providing a Claimant ID, with a method to submit the Electronic Claim Form with an electronic signature, and a method to access a Blank Claim Form.

12.   The website shall provide that a Settlement Class Member may submit a Claim Form without a Claimant ID by completing a Blank Claim Form by entering the Settlement Class Member name, address, and year of rental and by signing and submitting the Electronic Blank Claim Form electronically. The Settlement Administrator shall then cross reference the data provided by Avis Budget and if there is a rental that matches the Settlement Class Member's name and year of rental, the Claim Form shall be considered valid (assuming it complies with all other requirements, such as timeliness).

13.   If any Notice mailed to a Settlement Class Member is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will promptly log each Notice that is returned as undeliverable and provide copies of the log to Avis Budget and Class Counsel upon request. If the mailing is returned to the Settlement Administrator with a forwarding address, the

EXHIBIT A

Settlement Administrator shall forward the mailing to that address. For the remaining returned mailings, the Settlement Administrator will use reasonable efforts to attempt to obtain a new address and those mailings shall be forwarded to any new address obtained through such a search. If any Notice is returned as undeliverable a second time, no further mailing shall be required. It is agreed by the Parties that the procedures set forth in the preceding Paragraphs and this Paragraph constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for Settlement Class Members such that no additional efforts to do so shall be required.

14. The Parties agree that the Longform Notice, without material alteration from Exhibit 6, shall be posted to the website as set forth below, and will be available upon request to Settlement Class Members.

15. The Notice and Claim Form will also be made available to all potential Settlement Class Members by request to the Settlement Administrator, who shall send via e-mail any of these documents as requested by any potential Settlement Class Member. If a Claimant ID is not available to the Settlement Administrator for the potential Settlement Class Member, the Settlement Administrator shall provide a Blank Claim Form to the requester with instruction that the Blank Claim Form must be mailed to the Settlement Administrator postmarked by the Claims Submission Deadline with the Settlement Class Member name, address, and year of rental(s).

16. The Settlement Administrator shall maintain a toll-free IVR telephone system containing recorded answers to frequently asked questions. The IVR system will provide contact info for Class Counsel in the event the caller wishes to speak to a liver person. The recorded answers to frequently asked questions are to be agreed to by the Parties.

17. The Settlement Administrator shall rent a post office box to be used for receiving objections, notices of intention to appear, and any other settlement-related communications. Only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in this Agreement.

EXHIBIT A

18. The Settlement Administrator shall implement a targeted social media/internet campaign with the goal of ensuring due process is satisfied pertaining to receipt of actual notice by a percentage of Settlement Class Members. The Parties agree that, given the distribution of Class Members, the social media/internet campaign should target Class Members residing in the United Kingdom. The campaign will include links leading to the Settlement Website, which will include all the documents and information as set forth herein.

19. Due to the General Data Protection Regulation (GDPR) and any other applicable privacy laws, the Settlement Administrator shall not send notice to any Settlement Class Member who has previously requested Avis Budget to expunge all of his or her information in Avis Budget's possession.

## IV. SETTLEMENT ADMINISTRATOR

20. The Parties agree to the appointment of Angeion as Settlement Administrator to perform the administrative services described herein. Avis Budget shall be responsible for the payment of the Administrative Costs as described herein. The Administrative Costs are separate from, and are not included as, part of the Attorneys' Fees and Costs Award that Avis Budget separately agrees to pay as set forth in Paragraphs 39-43 below if approved by the Court, except that if the Administrative Costs exceed $400,000.00, the excess amount shall be deducted from the Attorneys' Fees and Costs Award.

21. The Settlement Administrator shall assist with the various administrative tasks set forth herein and any others necessary to implement the terms of this Agreement and the Proposed Settlement as preliminarily approved, including (i) mailing and e-mailing or arranging for the mailing and e-mailing, respectively, of the Mail and E-Mail Notice described above and submitting to the Parties and Court an affidavit offering proof thereof; (ii) handling mail returned as not delivered and making additional mailings required under the terms of the Agreement; (iii) responding, as necessary, to inquiries from Settlement Class Members; (iv) providing to the Parties, within five (5) business days of receipt, copies of all objections, motions to intervene, notices of intention to appear, and other communications from Settlement Class Members; (v) preparing a list of all Persons who timely requested

EXHIBIT A

exclusion after the previous Notices were provided and submitting to the Court the Opt-Out List and supporting affidavit ten (10) days before the Fairness Hearing scheduled by the Court; (vi) preparing a list of all Persons who submitted objections to the settlement and submitting an affidavit testifying to the accuracy of that list; (vii) preparing a list of all Persons who make a timely claim; (viii) implementing procedures for processing and handling Claims submissions; (ix) making or sending out Claim Payments to Settlement Class Members in the form requested by the Settlement Class Members; and (x) promptly responding to requests for information and documents from Class Counsel, Avis Budget, and/or Avis Budget's Counsel.

22.     The Parties agree to jointly submit all data to the Settlement Administrator that is necessary for the Settlement Administrator to complete the administrative tasks set forth herein or otherwise necessary to implement the terns of this Agreement and the Proposed Settlement as preliminarily approved.  Because the data to be transmitted to the Settlement Administrator includes Personal Identifiable Information (PII), the Parties agree that the Settlement Administrator will only use the data for the purposes of administering this Agreement, will retain the minimum amount of data for the minimum amount of time necessary to administer the Agreement, will not disseminate the data other than as necessary to implement this Agreement, and will maintain all appropriate security measures to protect the data.

23.     As set forth herein, the Settlement Administrator shall set up, coordinate, maintain and/or implement (a) the post office box; (b) the website; and (c) the toll-free IVR number.

## V.     CLASS ACTION FAIRNESS ACT NOTICE

24.     Pursuant to 28 U.S.C. § 1715(b), within 10 days after this Agreement is filed with the Court, the Settlement Administrator, on behalf of Avis Budget, will give notice to the Attorney General of the United States and the Attorney General of the State of Florida (and any other required state), serving on them the documents described in 28 U.S.C. § 1715(b)(1) through (8), as applicable.

## VI.    CLAIMS PAYMENTS

EXHIBIT A

25. In exchange for the mutual promises and covenants in this Agreement, and following the Effective Date, Avis Budget agrees to make a total of up to $33,956,613.00 (the "Total Settlement Amount") available for settlement of all Valid Claims in this claims-made settlement, Administration Costs (including the costs of implementing and effectuating class Notice and Claim Payments), attorneys' fees and attorney's costs/expenses of litigation, any Service Award to the Plaintiff, all as explicitly set forth herein and subject to court approval. In no event shall Avis Budget be obligated to pay more than the Total Settlement Amount.

26. All Claim Payments shall be funded by Avis Budget and made or sent by the Settlement Administrator on Avis Budget's behalf to eligible Settlement Class Members. To be eligible for a Claim Payment under this settlement, a Settlement Class Member must timely submit a Claim Form and must not have submitted a request for exclusion after any of the Notices provided during this litigation. Avis Budget shall not be obligated to fund, and the Settlement Administrator shall not make, any Claim Payments until after the Effective Date.

27. The Claim Payment paid to eligible class members who submit timely and Valid Claims will be for $6.51 per rental day during the relevant time-period, plus applicable prejudgment interest. If there are any unclaimed funds after the Claim Submission Deadline, the Claim Payment paid to eligible class members who submit timely and Valid Claims will be increased from $6.51 per rental day to up to $7.46 per rental day, plus applicable prejudgment interest. If the Valid Claims, Administrative Costs, Attorneys' Fees and Costs Award and Service Award exceed the Total Settlement Amount, the amount owed and/or paid to Settlement Class Members will be reduced on a pro rata basis. Eligible class members are Settlement Class Members that submit timely and Valid Claims and that are not excluded from the Settlement Class as provided in the Opt-Out List.

28. Avis Budget does not concede that prejudgment interest is recoverable in this case, but for settlement purposes only, prejudgment interest will be calculated under Florida law. It is agreed that prejudgment interest will no longer accrue after December 17, 2021, the date of the Joint Notice of Settlement (Doc.

EXHIBIT A

504).

29.    The Settlement Administrator shall establish procedures for receiving and processing Claim Forms and Blank Claim Forms. Claim Forms that do not meet the requirements set forth in this Agreement and in the Claim Form Instructions shall be rejected. The Settlement Administrator may reject a Claim Form, if not timely cured, for, among other reasons, the following reasons: (1) failure to fully complete and/or sign the Claim Form; (2) the claim form is illegible; (3) the name or information on the Claim Form does not match Avis Budget's database of tour renters during the Class Period; (4) the Claim Form is fraudulent; (5) the Claim Form is duplicative of another Claim Form (but the prior Claim Form will be considered valid, assuming it meets other requirements); (6) failure to submit a claim form by the Claims Submission Deadline; and/or (7) the Claim Form otherwise does not meet the requirements of this Agreement.  Defendants shall have the right to audit claims payments, *i.e.*, to review the payments to be made to Settlement Class Members who submit a claim.

30.    The Claim Payment described herein is the only payment to which Settlement Class Members, other than Plaintiff, are entitled under this Agreement. The payments shall be in full and final disposition of the Action, and in consideration for the release of any and all Released Claims as against any and all Released Persons.

## VII.    CLAIM SUBMISSIONS

31.    The Claim Form shall be without material alteration from Exhibit 4, and the Electronic Claim Form shall be without material alteration from Exhibit 5 except for changes necessary for conversion to electronic format.

32.    A Claim Form submitted for a Settlement Class Member who has more than one claim (i.e., more than one rental during the Class Period) shall apply to all claims of the Settlement Class Member. However, if the Settlement Class Member fills out a Blank Claim Form and only lists one year of rental, the Claim shall only apply to multiple rentals if all such rentals occurred during the year listed on the Blank Claim Form.

33.    To be considered for payment, a Claim Form must be postmarked

EXHIBIT A

no later than the Claims Submission Deadline or must be submitted electronically no later than the Claims Submission Deadline, at which point the Settlement Administrator shall deactivate the Electronic Claim Form.

34. If not pre-populated as set forth above, a Settlement Class Member must include in a Blank Claim Form (i) the name and current address of the Settlement Class Member and either (ii) the year in which the rental began or (iii) the rental claim number listed on the rental receipt.

35. The Claim Form, Blank Claim Form, and Electronic Claim Form must contain a signature, or in the case of an Electronic Claim Form, an electronic signature, certifying the claim to the best of the Settlement Class Member's knowledge.

36. After submission of an Electronic Claim Form, the Settlement Class Member shall be provided a Payment Option Form, an example of which is attached as Exhibit 7. The Payment Option Form shall ask the Class Member to choose between receiving a Claim Payment, if the Claim is a Valid Claim, in the form of (i) an electronic prepaid card via email (and, if so, to confirm/enter an email address), (ii) the mailing of a physical check (and, if so, to confirm/enter a physical mailing address), or (iii) electronic payment (and, if so, to contact the Settlement Administrator at a listed email address to provide necessary information in a secure format, including account information).

37. If a Class Member does not submit a Payment Option Form and/or if the Class Member mails a physical Claim Form rather than submitting an Electronic Claim Form, the payment will be in the form of a physical check mailed to the address on the Claim Form (whether it was pre-filled or filled in on a Blank Claim Form by the Settlement Class Member).

## VIII. CLAIMS ADMINISTRATION

38. Claim Forms that are timely submitted shall be processed as follows:

   (a) If a Claim Form is unsigned, illegible, or if the Settlement Class Member's name does not match Avis Budget's

EXHIBIT A

database of prepaid tour voucher rentals or, in the case of a Blank Claim Form filled out by the Settlement Class Member, does not contain a year of rental, the Settlement Administrator shall send the claimant an email or letter, with a copy to Avis Budget and Class Counsel, informing him or her of the defect and providing the claimant with thirty (30) days in which to cure the defect. If the claimant does not subsequently provide a Claim Form curing the defect and postmarked/submitted within thirty (30) days of the date of the Settlement Administrator's letter or email, that Claim Form shall be deemed defective and not eligible for payment, and the claimant shall not have an additional opportunity to cure the defect.

(b) Within sixty (60) days after the later of the Claims Submission Deadline or the Final Order and Judgment, Avis Budget shall:

(1) inform Class Counsel and the Settlement Administrator of any claims (other than claims determined by the Settlement Administrator to be defective and which were not timely cured) it believes are invalid and a brief description as to why Avis Budget believes the claim to be invalid; and

(2) For those claims that Avis Budget does not challenge as invalid, Avis Budget shall provide the Settlement Administrator and Class Counsel the amount of payment, including applicable interest, for each claim. Class Counsel will have ten days from the provision of the Claim Payment amount to dispute the amount of Claim Payment. Avis Budget and Class Counsel shall cooperate to resolve any dispute as to Claim Payment within ten days.

(c) Within ninety (90) days after the later of the Claims Submission Deadline or the Effective Date, Avis Budget shall fund and the Settlement Administrator shall make Claim Payments in the form requested by the Settlement Class Member, or, if no Payment Form is submitted, by mailing a check for the full amount of Claim Payment, to all Settlement Class Members whose submitted claims were not challenged as invalid, and for which Class Counsel did

not dispute the amount of Claim Payment.  If the payment is in the form of a check or gift card, the check or gift card shall be valid for 180 days after the date of payment.

(d)   Any checks that are not deposited and cleared within one hundred eighty (180) days shall be null and void and the Settlement Class Member will become ineligible to receive a Settlement Award. Avis Budget shall have no further obligation to make any payment pursuant to this Agreement or otherwise to such Settlement Class Members. All unpaid funds from uncleared checks shall be retained by Avis Budget and Avis Budget shall have no further obligation after the distribution back to pay any further amounts.

(e)   If any Claim Payment mailed to any potential Settlement Class Member is returned as undeliverable, the Settlement Administrator will promptly log each Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Avis Budget. The Settlement Administrator shall attempt to identify an updated address and shall provide Avis Budget with any updated address.  If there is an updated address, the Settlement Administrator shall resend the Claim Payment to that address.  If the Claim Payment mailing is returned with a forwarding address, the Settlement Administrator shall forward the Claim Payment mailing to that address. In such instances, the 180 day time limit shall begin running on the date of the re-mailing.

(f)   Within thirty (30) days after resolution of Class Counsel's disputes of the amount of Claim Payments as provided in Paragraph _____, the Settlement Administrator shall make the Claim Payment as identified in the previous three subparagraphs for the resolved full amount of Claim Payment to all Settlement Class Members on whose claims Class Counsel disputed the amount of Claim Payment.

(g)   Within thirty (30) days of receiving Avis Budget's determinations in Paragraph _____, the Settlement Administrator shall mail an Explanation Letter or Email to all Settlement Class Members who submitted claims challenged by Avis Budget as invalid an explanation of why Avis Budget deemed the claim to be invalid. The explanation will include the process by which the defect

EXHIBIT A

may be cured and inform the Settlement Class Member that it may re-submit a Claim Form to correct the deficiency, or, if Avis Budget determined in its opinion that the defect is not curable, will inform the Settlement Class Member that they may contest the determination by submitting a written explanation as to why Avis Budget's determination was incorrect. The mailing contesting Avis Budget's determination must be postmarked/submitted no later than thirty (30) days after the Explanation Letter/Email to be deemed timely.

(h)    Within thirty (30) days of receiving any re-submissions or contestations from Settlement Class Members as set forth in Subparagraph (f), and if Avis Budget maintains that the submitted or re-submitted claim is invalid, the claim will be submitted to a Neutral Evaluator agreed to by the Parties. The decision by the Neutral Evaluator shall be binding on Avis Budget and any Settlement Class Member. The Neutral Evaluator shall provide an explanation of any decision to Avis Budget and Class Counsel. Within ten (10) days of the Neutral Evaluator's determination, Avis Budget will fund and the Settlement Administrator will make a payment to any Settlement Class Members determined by the Neutral Evaluator to have submitted or re-submitted a Valid Claim in the manner requested by the Settlement Class Member, and the Settlement Administrator shall mail or e-mail an explanation to any Settlement Class Member the Neutral Evaluator determined submitted an invalid claim.

(i)    The Neutral Evaluator shall be a licensed attorney in the State of Florida. All costs for the expense of the Neutral Evaluator shall be borne exclusively by Avis Budget. If the Parties cannot agree upon the Neutral Evaluator, such person shall be appointed by the Court.

(j)    Claim Forms that are not timely postmarked or electronically submitted, as determined by the Settlement Administrator, will not be considered for payment, and the Settlement Class Members whose Claim Forms are deemed untimely will be provided notice thereof.

(k)    For the avoidance of doubt, Avis Budget shall not be

EXHIBIT A

required to fund, and the Settlement Administrator shall not be required to make, any Claim Payments until after the Effective Date.

## IX. ATTORNEYS' FEES AND COSTS AWARD AND SERVICE AWARDS

39. Class Counsel's entitlement, if any, to an Attorneys' Fees and Costs Award and the Plaintiff's entitlement, if any, to a Service Award, will be determined by the Court. The terms of any such awards, fees, costs, or expenses were not negotiated until material elements of the Proposed Settlement were resolved and the terms of this Proposed Settlement are not conditioned upon a maximum or minimum Attorneys' Fees and Costs Award or Service Award, except as explicitly stated herein.

40. Class Counsel will file a motion with the Court prior to the Fairness Hearing requesting an award of attorneys' fees and costs payable to Class Counsel in a total amount that shall not exceed $8,925,000.00 ("Maximum Attorneys' Fees and Costs Award"), and an incentive award to Plaintiff not to exceed $25,000.00 ("Maximum Service Award").

41. Avis Budget agrees to pay and will not oppose or object to a motion requesting an award of attorneys' fees, costs, and expenses to be paid to Class Counsel up to an amount not exceeding the Maximum Attorneys' Fees and Costs Award, and Plaintiff and Class Counsel agree they will not seek attorneys' fees and costs of any amount exceeding the Maximum Attorneys' Fees and Costs Award. Avis Budget agrees to pay and will not oppose or object to a motion requesting a Service Award to the Plaintiff in an amount not exceeding the Maximum Service Award and Plaintiff agrees not to seek a service award in an amount exceeding the Maximum Service Award. Avis Budget agrees to pay the Attorneys' Fees and Costs and Service Awards or any lesser amount the Court may award. Plaintiff and Class Counsel will not seek to enforce or recover any Attorneys' Fees and Costs Award in excess of the Maximum Attorneys' Fees and Costs Award, or any Service Award in excess of the Maximum Service Award.

42. Any Attorneys' Fees and Costs Award and Service Award made by

EXHIBIT A

the Court must be paid by Avis Budget to Class Counsel (on the terms set forth above) no later than fourteen (14) days after the later of the Effective Date or, if issued in a separate order, a final Order approving or awarding the Attorneys' Fees and Costs Award and Service Award meaning the Order is a final, appealable judgment and either (i) no appeal has been taken as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the Order having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or reargument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been fully and finally resolved in such manner that affirms the Order.

43. Class Counsel will file a Motion for Attorneys' Fees and Costs and Service Award no later than thirty (30) days prior to the deadline for Settlement Class Members to submit objections, and a copy of the Motion will be posted on the Settlement Website.

## X.  FINAL APPROVAL OF THE PROPOSED SETTLEMENT

44. No later than fifteen (15) days prior to the Fairness Hearing, which will be at least fifteen (15) days after the deadline to submit objections, Class Counsel will file a motion seeking the Court's final approval of the Proposed Settlement at the Fairness Hearing to be held at a time, date, and location as set by the Court and that will be stated in the Notice. The Motion shall request, at minimum, the Court to enter a Final Order and Judgment that:

   (a) finds the Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Agreement and all Exhibits thereto;

   (b) gives final approval to the Proposed Settlement and directs the Parties and counsel to comply with and consummate the terms of the Agreement;

   (c) finds that Class Counsel and Plaintiff adequately represented the Settlement Class;

   (d) finds that the terms of this Agreement are fair, reasonable, and adequate to the Settlement Class Members;

EXHIBIT A

(e)    finds that the Notice set forth in this Agreement (i) constituted the best practicable notice under the circumstances; (ii) was reasonably calculated to apprise potential Settlement Class Members of the pendency of the Action, their right to object to the Proposed Settlement, and to appear at the Fairness Hearing; and (iii) constituted due, adequate, and sufficient process and notice to all Persons entitled to receive notice;

(f)    finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of Avis Budget complied with 28 U.S.C. § 1715(b);

(g)    finds that the Opt-Out List is a complete list of all Class Members who timely requested exclusion after previous Notices and are thus not Settlement Class Members and, accordingly, are not bound by the Final Order and Judgment, but Class Members will have no further opportunities to exclude themselves or "opt out" from the Class;

(h)    provides that the Plaintiff and all Settlement Class Members, regardless of whether they have submitted a Claim Form or Electronic Claim Form, and regardless of whether they have received actual notice of the Proposed Settlement, have conclusively compromised, settled, discharged, and released all Released Claims against Defendants and the Released Persons, and are bound by the provisions of this Agreement;

(i)    dismisses all claims in the Action on the merits and with prejudice, and without fees or costs except as provided herein, and entering final judgment thereon;

(j)    determines the amount of the Attorneys' Fees Award to Class Counsel, and the Service Award to the Plaintiff; and

(k)    appoints Angeion as the Settlement Administrator.

## XI.    OBJECTIONS

EXHIBIT A

45. All Settlement Class Members shall be bound by this Agreement, and this action shall be dismissed with prejudice and all Settlement Class Members Released Claims shall be released as provided for herein.

46. Settlement Class Members may object to the Proposed Settlement. Settlement Class Members who choose to object to the Proposed Settlement must file written notices of intent to object. Any Settlement Class Member who timely files an objection in compliance with this paragraph may appear at the Fairness Hearing, in person or by counsel, and be heard to the extent and only if permitted by the Court.

47. To be timely, the objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than sixty (60) days after the Notice Date.

48. The right to object to the Proposed Settlement or to intervene in the Action must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass.

49. To be effective, a notice of intent to object to the Proposed Settlement must:

    (a) Include the name of the case and case number;

    (b) Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

    (c) Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

    (d) Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if any, and any such attorney must comply with all applicable rules of the Court; and

    (e) State whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

EXHIBIT A

50. In addition, a notice of intent to object must contain the following information, if the Settlement Class Member or his or her attorney requests permission to speak at the Fairness Hearing:

   (a) A detailed statement of the legal and factual basis for each objection;

   (b) A list of any and all witnesses the Settlement Class Member may seek to call at the Fairness Hearing (subject to applicable rules of procedure and evidence and at the discretion of the Court), with the address of each witness and a summary of his or her proposed testimony;

   (c) A list of any legal authority the Settlement Class Member will present at the Fairness Hearing; and

   (d) Documentary proof of membership in the Settlement Class.

51. Any Settlement Class Member who does not file a timely notice of intent to object waives the right to object or to be heard at the Fairness Hearing and will be barred from making any objection to the Proposed Settlement. To the extent any Settlement Class Member objects to the Proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be bound by the Final Order and Judgment of the Court.

52. The Settlement Administrator shall provide Avis Budget and Class Counsel a copy of each notice of intent to object received by the Settlement Administrator.

## XII. DENIAL OF LIABILITY

53. Avis Budget maintains it acted in accordance with the governing laws and regulations of the State of Florida and abided by the terms of its rental contracts and Florida law. Avis Budget nonetheless has concluded that it is in its best interests that the Action be settled on the terms and conditions set forth in this Agreement. Avis Budget reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, and the expense that would be necessary to defend the Action through judgment, appeal, and any subsequent proceedings that may

EXHIBIT A

occur.

54.  Avis Budget believes that it stands a reasonable chance of success in any appeal as to the merits of this case and as to the certification of the Class. Avis Budget maintains that its defenses to summary judgment on liability, its position at trial as to damages, as well as its position as to class certification, are meritorious. Because of the costs, resources, and time that would be incurred, Avis Budget asserts that it would not have settled this Action except on a claims-made basis.

55.  As a result of the foregoing, Avis Budget enters into this Agreement without admitting, conceding, or acknowledging any fault, liability, or wrongdoing of any kind. This Agreement shall not be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind. The terms of this Agreement, including the claims-made nature of the Agreement, are material to Avis Budget's decision to settle this Action notwithstanding its belief that its defenses are meritorious and its chances of success at trial and on appeal are significant.

## XIII.  RELEASE

56.  Upon the Effective Date of the Settlement, the Releasing Persons shall automatically be deemed to have fully and irrevocably released and forever discharged all Released Persons from all Released Claims.

## XIV.  DISMISSAL OF ACTION

57.  Upon entry of the Final Order and Judgment, the Action will be dismissed with prejudice as to Avis Budget, the Plaintiff, and all Settlement Class Members, and will release all Released Persons from Released Claims.  It is the intent of the Parties to this Settlement Agreement that dismissal of the claims with prejudice and release of the claims shall have the *res judicata* effect of dismissal and release of those claims expressly identified herein as Released Claims.  It is the intent of the parties that this Settlement Agreement and lawsuit dismissal will not operate as a bar to any Class Member from pursuing any claim that is not a Released

EXHIBIT A

Claim.

## XV. RETENTION OF RECORDS

58. The Settlement Administrator, Class Counsel, and Avis Budget shall retain copies or images of all returned Notices, Claim Forms, Electronic Claim Forms (and/or data resulting therefrom) and correspondence relating thereto, for a period of up to two (2) years after the Effective Date. After this time, upon written request, Class Counsel shall destroy any documentary records in their possession.

## XVI. MISCELLANEOUS PROVISIONS

59. Each Party to this Agreement warrants that he, she, or it is fully authorized to enter into this Agreement, and is acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

60. The Parties and undersigned counsel agree to undertake best efforts to effectuate this Agreement and the terms of the Proposed Settlement, including taking all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts which may become necessary by order of the Court or otherwise.

61. The headings and captions contained in this Agreement are for reference purposes only and in no way define, extend, limit, describe, or affect the scope, intent, meaning, or interpretation of this Agreement.

62. Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days. In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

63. Except as otherwise provided in a written amendment executed by the Parties or their counsel, this Agreement contains the entire agreement of the Parties hereto and supersedes any prior

EXHIBIT A

agreements or understandings between them. The Parties further agree that this Agreement contains the entire understanding between the parties with respect to the transaction contemplated herein, that there is no representation, agreement or obligation regarding the settlement which is not expressly set forth in this Agreement, and that no representation, inducement, promise, or agreement not expressly set forth in the text of this Agreement shall be of any force or effect. All terms of this Agreement shall be construed as if drafted by all parties hereto. The terms of this Agreement are and shall be binding upon each of the Parties and their agents, attorneys, employees, successors, and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Settlement Class Member.

64. This Agreement may be amended or modified only by a written instrument signed by all Parties.

65. This Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of the State of Florida, without regard to principles of conflicts of law.

66. The exhibits to this Agreement are integral parts of the settlement and are hereby incorporated and made parts of this Agreement.

67. To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of this Agreement.

68. This Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned Parties and/or counsel.

69. Class Counsel agree that representations, encouragements, solicitations, or other assistance to any Person seeking to litigate with Released Persons over any of the Released Claims in this matter could place Class Counsel in a conflict of interest with the Settlement Class. Accordingly, Class Counsel and their respective firms agree not to represent, encourage, solicit, or assist any Person in litigating with Released Persons over any Released Claims. Nothing in this paragraph shall preclude or prevent Class Counsel from answering inquiries from any potential Settlement

EXHIBIT A

Class Member or assisting Settlement Class Members with submitting a valid and timely claim.

70. Avis Budget agrees that any assistance, encouragement, or solicitation by Avis Budget to any Settlement Class Member or any representative or attorney for Settlement Class Members to object to any aspect of the terms set forth herein, material or otherwise, including an Attorneys' Fees and Costs Award and/or Service Award, will constitute a material breach of this Agreement and operate to render the Agreement voidable.

71. The confidentiality of all Confidential Information shall be protected from disclosure by Class Counsel and the Plaintiffs to any Persons other than the Settlement Administrator, the Neutral Evaluator and any Person the Court orders be allowed to access Confidential Information.

72. The Parties agree that Class Counsel or anyone associated with Class Counsel's firms shall not use of any of the Confidential Information in any future litigation, whether pending or future, unless independently obtained through discovery or other procedures.

73. The Parties agree that Class Counsel or anyone associated with Class Counsel's firms shall not issue a press release related to this Settlement Agreement or discuss any aspect of this Agreement with media. This does not prevent Class Counsel from posting about or discussing this Settlement Agreement on their firm websites.

74. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied herein.

75. This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of neutral mediators and third parties, including two Magistrate Judges in the United States District Court for the Middle District of Florida. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

76. The Parties may terminate this Agreement within twenty (20) days after notice of an occurrence as set forth below, by providing written notice of termination where (a) the Court or any appellate court(s) rejects, modifies or denies approval of any material portion of this Settlement except that rejection, modification, or disapproval of the Attorneys' Fees and Costs Award and/or Service Award does not allow Plaintiff the right to terminate this Agreement, or (b) any financial obligation is imposed on Avis Budget in addition to and/or greater than those accepted by Avis Budget in this Agreement except that if the Court awards attorneys' fees and costs in an amount greater than the Maximum Attorneys' Fees and Costs Award, this would not allow Avis Budget to terminate the Agreement unless Class Counsel seeks to enforce or recover an amount in excess of the Maximum Attorneys' Fees and Costs Award from Avis Budget.

77. This Agreement may be amended or modified only by a written instrument signed by all Parties. Amendments and modifications may be made without additional notice to the potential Settlement Class Members unless such notice is required by the Court. The terms of this Agreement, including the claims-made structure, are material terms.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

**For Plaintiff and Settlement Class:**     **For Defendant:**

_/s/ Jake Phillips_
Jacob Phillips, Esq.
Florida Bar No.: 0120130
Edmund A. Normand, Esq.
Florida Bar No.: 0865590
Amy L. Judkins, Esq.
Florida Bar No.: 0125046
**NORMAND PLLC**
3165 McCrory Place, Ste. 175
Orlando, FL 32803
jacob.phillips@normandpllc.com
ed@ednormand.com
amy.judkins@normandpllc.com

_/s/ Bill Donovan_
William P. Donovan, Jr. (*pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Tel: (310) 788-4121
Fax: (310) 317 7218
wdonovan@mwe.com

Robert T. Wright, Jr., Esq.
Irene Oria, Esq.
**FISHERBROYLES, LLP**
199 E. Flagler St., #550

EXHIBIT A

Christopher J. Lynch, Esq.
Florida Bar No.: 331041
**CHRISTOPHER J. LYNCH, P.A.**
6915 Red Road, Suite 208
Coral Gables, FL 33143
clynch@hunterlynchlaw.com
lmartinez@hunterlynchlaw.com

*Counsel for Plaintiff, Heather*
*Venerus & the Class*

Miami, Florida 33131
robert.wright@fisherbroyles.com
irene.oria@fisherbroyles.com

Philip E. Glatzer, Esq.
**MARLOW ADLER ABRAMS**
**NEWMAN & LEWIS**
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, Florida 33146
E-mail: pglatzer@marlowadler.com

*Counsel for Defendants*
*Avis Budget Car Rental, LLC*
*and Budget Rent A Car System,*
*Inc.*

EXHIBIT A

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CASE NO. 6:13-CV-921-CEM-GJK

HEATHER VENERUS, individually
and on behalf of all others similarly situated,

    Plaintiff,

AVIS BUDGET CAR RENTAL, LLC
and BUDGET RENT-A-CAR SYSTEM, INC.,

    Defendants.

**PROPOSED ORDER PRELIMINARILY APPROVING
CLASS SETTLEMENT**

WHEREAS Plaintiff Heather Venerus, individually and as Class Representative on behalf of the Settlement Class, and Defendants Avis Budget Car Rentals, LLC and Budget Rent a Car System, Inc. (collectively, "Avis Budget"), acting by and through their respective counsel, have agreed, subject to Court approval, to settle this Action upon the terms and conditions stated in the Class Action Settlement Agreement filed with the Court on January 10, 2022 (the "Agreement");

NOW, THEREFORE, based upon the Agreement, all of the files, records, and proceedings herein, statements of counsel, and it appearing to the Court that a hearing should be held to determine whether the Proposed Settlement described in the Agreement should be finally approved as fair, reasonable, and adequate;

EXHIBIT 1

IT IS HEREBY ORDERED THAT:

1. The Agreement (including Exhibits) is hereby incorporated by reference in this Order, and all terms defined in the Agreement will have the same meanings in this Order.

2. This Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action, including Plaintiff and all Settlement Class Members.

3. The Court finds that the negotiations leading to the Agreement occurred at arm's length, there was extensive and sufficient discovery in this case prior to settlement such that the Parties had a well-informed basis through which to evaluate potential settlement terms, and the proponents of the settlement are experienced in similar class action and complex litigation. The Court preliminarily approves the Agreement and finds that the Proposed Settlement is fair, reasonable, and adequate, and thus warrants providing notice to the Settlement Class. Such finding is not to be deemed to constitute admission by Avis Budget of liability or fault or a resolution or determination of the validity of any claims, defenses, or allegations.

4. In exchange for the mutual promises and covenants set forth in the Agreement, and otherwise as set forth in the Agreement, Avis Budget has agreed to make the Total Settlement Amount of up to $33,956,613.00 available for settlement of all Valid Claims in this claims-made settlement, Administration Costs (including the costs of implementing and effectuating

EXHIBIT 1

class Notice and Claim Payments), attorneys' fees and costs/expenses of litigation, any Service Award to the Plaintiff, all of which are subject to Court approval. The Agreement provides that in no event shall Avis Budget be obligated to pay more than the Total Settlement Amount.

5. The Agreement shall not be construed as an admission by the Released Persons of the truth of any of the allegations or claims made in the Action, nor of any liability, fault, or wrongdoing on the part of the Released Persons.

6. This Court certified this case for class treatment, *see* Doc. 370, subject to subsequent alteration of the class definition to limit the Class to renters whose vehicle rental occurred prior to January 1, 2016, *see* Doc. 397. The class certified by the Court is as follows:

> All individuals who (1) rented an Avis or Budget vehicle in the State of Florida after June 12, 2008, and before January 1, 2016, pursuant to a prepaid voucher, and (2) whose Rental Receipt contained the notation "SLI .00/Day Accepted" or "ALI .00/Day Accepted.

> Excluded from the Class are all such renters who have been involved in accidents and who have outstanding claims for liability or uninsured/underinsured motorist coverage, as well as all such renters whose liability or uninsured/underinsured motorist claims have been paid by Defendants.

The Parties' Settlement Class is identical to the Class certified by this Court, except that it explicitly excludes those who requested to opt out after either of the previous Notices that were sent pursuant to this Court's class certification Orders. *See* Docs. 370 and 149. Also excluded from the Settlement Class are (1) the trial judge presiding over this case; (2)

EXHIBIT 1

Defendants, as well as any parent, subsidiary, affiliate, or control person of Defendants, and the officers, directors, agents, servants or employees of Defendants; (3) any of the Released Persons; (4) the immediate family of any such person(s); (5) as noted above, any Settlement Class Member who has timely opted out of or requested exclusion from the Settlement after either of the previous Notices and opportunity to opt out were provided; and (6) Class Counsel, their employees and agents, and their immediately family.

7. For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable, and adequate, the Court reaffirms its findings in its certification Order, Doc. 370, and agrees it is sensible, for clarity's sake, to explicitly exclude those individuals who have previously timely requested to opt out of the Class. Those individuals shall be identified in the Opt-out List filed by the Settlement Administrator in advance of the Fairness Hearing, which will be incorporated in any Final Judgment or Order entered by this Court.

8. Avis Budget maintains all defenses to certification, including on appeal, and this Order shall not be used as evidence concerning whether a litigation class should have been certified for class treatment should this Settlement not be finally approved and should Avis Budget thereafter appeal this Court's Order on class certification.

9. The Parties have prepared the Mail Notice Form, E-Mail Notice Form, Longform Notice, Claim Form, Electronic Claim Form (including blank

EXHIBIT 1

form), and Payment Option form, which have been submitted to the Court as Exhibits 2 through 7 to the Agreement. The Court carefully reviewed and hereby approves Exhibits 2 through 7, including as further described in the Agreement, unless otherwise modified by agreement of the Parties and, if necessary, approval by the Court.

10. The Court directs that the Notices and Claim Forms be sent to the Persons described and as set forth in the Agreement, including the procedures set forth for Notices that are returned as undelivered or due to an incorrect current email or mailing address. The Court finds that the process set forth for Claim Payments in the Agreement is approved and satisfies Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

11. To be timely, Claim Forms must be postmarked on or before the Claims Submission Deadline, which is 150 days after the Notice Date. Any Claim Form postmarked after the Claims Submission Deadline shall be deemed untimely. The Electronic Claim Form must be submitted electronically on or before 11:59 p.m. on the date of the Claims Submission Deadline, after which the Settlement Administrator shall deactivate the Electronic Claim Form.

12. Angeion is preliminarily appointed as the Settlement Administrator. In addition to issuing the Notice as set forth above, the Settlement Administrator shall establish a website as described in the Agreement, and upload thereto the Agreement, Notice forms, Claim forms, including the Electronic Claim Form, Preliminary Approval Order, answers to frequently

EXHIBIT 1

asked questions, the motion for attorneys' fees and costs (upon filing), and other information agreed to by the Parties. The website shall be maintained for at least 180 days after the Claims Submission Deadline. The Settlement Administrator shall also maintain an IVR telephone system containing recorded answers to frequently asked questions and which directs Settlement Class Member's to Class Counsel for any further questions and provides Class Counsel's contact information.

13. The Class Action Fairness Act Notice to be made by the Settlement Administrator, as set forth in the Agreement, is in full compliance with 28 U.S.C. § 1715(b).

14. The Court preliminarily finds that the notice provided to potential Settlement Class Members (i) is the best practicable notice under the circumstances and satisfies Rule 23 of the Federal Rules of Civil Procedure and due process requirements; (ii) is reasonably calculated to apprise Settlement Class Members of the pendency of the Action and of their right to object to the Proposed Settlement; and (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice. *See* Fed. R. Civ. P. 23(c)(2).

15. A class action may not be settled, dismissed, or otherwise compromised without the district court's approval. Fed. R. Civ. P. 23(e). In analyzing whether to preliminarily approve a class action settlement, courts must ensure that, as a preliminary matter, the terms of the settlement are not

EXHIBIT 1

clearly deficient based on, inter alia, the factors prescribed by the Eleventh Circuit Court of Appeals. *See Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 n. 6 (11th Cir. 1994) (outlining six factors). These factors, however, are "neither determinative nor exhaustive, and the court may consider other relevant factors based on the particular nuances of the case and the settlement proposed." *Palmer v. Dynamic Recovery Solutions, LLC*, No: 6:15-cv-59-Orl-40KRS, 2016 U.S. Dist. LEXIS 59229 (M.D. Fla. May 4, 2016) (citations omitted).

16. Without foreshadowing its analysis after the Notice plan is implemented and after review of any objections, this Court finds that the Proposed Settlement appears fair, reasonable, and adequate to the Settlement Class Members, and is not obviously deficient.

17. First, the likelihood of Settlement Class Members' ultimately achieving success after all potential appeals of judgment and class certification is uncertain. While the Court previously certified the Class and granted summary judgment as to liability in favor of the Class, the claims at issue are novel and unsettled and most of the merits-related legal issues addressed by the Court were ones of first impression. Avis Budget maintains strong arguments as to both liability (on appeal) and damages (at trial and on appeal). Indeed, the Court found that the issue of damages presents a triable issue, and a jury could very well find that the Class is entitled to nominal or no damages as a result of the breach, particularly given that Plaintiff

EXHIBIT 1

concedes no Class Member sustained out-of-pocket loss resulting from the breach. The Court notes that appellate review of the summary judgment Order would be *de novo*. *See Curves, LLC v. Spalding County*, 685 F.3d 1284, 1288 (11th Cir. 2012).

18. Having found that the chances of ultimate success are uncertain, the Court turns to the benefits secured by the proposed Settlement Agreement. *See Cook v. Gov't Emples. Ins. Co.*, 2020 U.S. Dist. LEXIS 111956, at *19-20 (M.D. Fla. Jun. 22, 2020) (comparing benefits secured by class to the potential recovery and risk of non-recovery). The Court preliminarily finds that the value of the Settlement is significant. First, the Settlement provides for damages of at least $6.51 per rental day, which may be increased to up to $7.46 per rental day, plus prejudgment interest. Plaintiff points to evidence showing that restitution damages appeared to be $5.00 per day, and the most the Class could have recovered in expectation damages is $12.44 per day. Moreover, given, as Plaintiff pointed out during this litigation on numerous occasions, the black-letter rule of damages for a failure to procure an insurance policy is refund of the premiums paid—i.e., restitution damages—it is uncertain whether this Court or the Eleventh Circuit would have upheld any award by a jury based on expectation damages, nor that a jury would have found expectation damages to be $12.44 per rental day. Benefits that exceed 100% of restitution damages and that constitute at least

EXHIBIT 1

52.3% of expectation damages are significant, particularly given the risk of no recovery at all.

19. Second, the Notice plan proposed by the Parties and approved by this Court is robust and the claims' submission process is simple, both of which are relevant to the fairness of the Agreement. *See Braynen v. Nationstar Mortg., LLC*, No. 14-cv-20726, 2015 U.S. Dist. LEXIS 151744, at *56 (S.D. Fla. Nov. 9, 2015) (robust notice plan is evidence that terms of a settlement are fair and reasonable); *Wilson v. EverBank*, No. 14-civ-22264, 2016 U.S. Dist. LEXIS 15751, at *32-33 (S.D. Fla. Feb. 3, 2016) (finding that a simple and understandable claiming process is evidence of a settlement agreement's fairness and adequacy). The Court agrees with the Parties that there is no need to provide a second opportunity to opt out to Class Members, all of whom had the opportunity to opt out after Notice of the previous certification Orders. *Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 635 (9th Cir. 1982) (due process does not require a second opportunity to opt out at the settlement stage where class members were provided the opportunity to opt out after the class was initially certified, and noting that settlements providing a second opportunity are rare and unusual); *In re Healthsouth Corp. Secs. Litig.*, 334 Fed. Appx. 248, n.12 (11th Cir. 2009) (whether to require settlement to provide a second opt-out opportunity is committed to the sound discretion of the trial court).

EXHIBIT 1

20. The Court has considered the claims-made structure of the Settlement, and this structure does not undermine this Court's preliminary finding that the terms of the Proposed Settlement are fair, reasonable, and adequate. *See Hamilton v. SunTrust Mortg. Inc.*, No.: 13-60749-civ, 2014 U.S. Dist. LEXIS 154762, at *18 (S.D. Fla. Oct. 24, 2014) (whether settlement is a claims-made structure or a direct-pay structure does not impact "fairness, reasonableness, or adequacy of proposed settlement."); *Casey v. Citibank, N.A.*, 2014 U.S. Dist. LEXIS 156553, at *6 (N.D. N.Y. Aug. 21, 2014) ("The Court does not have the authority to impose a preferred payment structure upon the settling parties"). While a "claims-made" structure may result in less individual class members receiving payment, it also means that each individual class member who submits a valid claim will receive a higher payment (here, class members who submit a valid claim would receive a payment of up to, but no greater than, $7.46 per rental day, plus prejudgment interest). *See Lee v. Ocwen Loan Servicing*, LLC, 2015 U.S. Dist. LEXIS 121998, at *57 (S.D. Fla. Sep. 14, 2015); *Cook*, 2020 U.S. Dist. LEXIS 111956, at *23 ("This Court agrees that '[n]egotiating for a smaller amount to go to Class Members would, in effect, unfairly reward some Class Members for their own indifference at the expense of those who would take the minimal step of returning the simple Claim Form to receive the larger amount.'") (citations omitted).

21. This is particularly the case here, given the Class Period goes back thirteen years, and in many cases Avis Budget had only a single contact and limited

EXHIBIT 1

contact info for Class Members. Given the age of the data, it is difficult to see how distribution could be effectuated without a claiming process, if only to provide or confirm current mailing addresses or other contact information whereby payment should be sent.

22. Importantly, the claiming process here is straightforward and simple. Class Members are assigned (and will receive) a ClaimantID that provides for a prefilled claim formand Class Members need merely attest to or update the contact info and confirm they are the person identified on the claim form. *See generally Cook*, 2020 U.S. Dist. LEXIS 111956, at *22 (where "Settlement Class Members merely had to sign an attestation confirming the prefilled information was correct (including the address) or update the address[,]" the claiming process weighed in favor of approval of a settlement). The Court also notes that the proposed Agreement provides several options for Class Members to select as the nature of payment (physical check, emailed gift card, or electronic payment to an account provided by the Class Member) so as to make distribution of payment as convenient to Class Members as possible.

23. Moreover, Avis Budget made clear they would not have settled the case on a direct-pay model, and, assuming an unfavorable (to Avis Budget) jury verdict, would have appealed this case to the Eleventh Circuit. *See Montoya v. PNC Bank, N.A.*, No. 14-20474-civ, 2016 U.S. Dist. LEXIS 50315, at *49 (S.D. Fla. Apr. 13, 2016) (noting that claims-made settlement offered the

EXHIBIT 1

"only real relief" possible because defendants "would not have agreed" to direct-pay structure).

24. In sum, given the damages secured, the robust Notice plan, and the simple claims' submission process, this Court preliminarily finds that the terms of the Proposed Settlement appear sufficiently fair, reasonable, and adequate to provide Notice, provide Class Members the opportunity to object to its terms, and schedule a Fairness Hearing to fully analyze the Proposed Settlement and determine whether to grant final approval.

25. No later than 10 days before the Fairness Hearing, the Settlement Administrator shall file proof of mailing of the Notice, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Class after previous Notice plans were effectuated, and an affidavit attesting to the accuracy of the Opt-Out List.

26. Potential Class Members who submitted timely and valid requests for exclusion after the previous certification Orders are not members of the Settlement Class. Such Persons shall have no rights under the proposed Settlement nor share in any distribution of funds, and shall not be bound by any Final Order and Judgment approving the proposed Settlement. *See In re Managed Care Litig.*, 2008 U.S. Dist. LEXIS 44261, at *32 (S.D. Fla. Jun. 4, 2008) (class members who opt out of a class are not bound by any decisions or rulings concerning the class). Class Members who did not submit a timely request for exclusion following the previous certification

EXHIBIT 1

Orders shall be bound by any Final Order and Judgment, even if they did not receive actual notice of this Action, or never submitted a claim pursuant to the proposed Settlement. *See Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012) (due process does not require actual notice, but rather good-faith effort to provide actual notice). If a Final Order and Judgment is entered approving the Proposed Settlement, all Settlement Class Members shall be deemed to have fully and finally released all Released Persons, as defined in the Agreement, from any and all Released Claims, as defined in the Agreement.

27. Settlement Class Members may object to the proposed Settlement. Settlement Class Members who choose to object must file written notices of intent to object or intervene, as set forth in the Agreement and herein. Settlement Class Members who timely and properly submit an objection may appear at the Fairness Hearing, in person or through counsel, to the extent allowed by the Court. The right to object to the proposed Settlement must be exercised individually and not as a member of a group.

28. Objections shall be considered timely if postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than sixty (60) days after the Notice Date.

29. A notice of intent to object to the Proposed Settlement must:

    a. Contain a heading that includes the case name and number;

EXHIBIT 1

b. Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

c. Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

d. Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable rules of the Court; and

e. State whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

30. A lack of substantial compliance with these requirements may result in the objection not being considered by the Court. *See, e.g.*, *Sanchez-Knutson v. Ford Motor Co.*, 2017 U.S. Dist. LEXIS 96560, at *12-13 (S.D. Fla. Jun. 20, 2017) (objectors must comply with requirements imposed by courts).

31. In addition to the foregoing information, the notice of intent to object should contain the following information if the Settlement Class Member or their attorney seeks to speak at the Fairness Hearing:

a. A detailed statement of the legal and factual basis for each objection;

b. A list of any witnesses whom the Settlement Class Member may seek to call at the Fairness Hearing, with the address of each witness and a summary of his or her proposed testimony;

EXHIBIT 1

c. A list of any legal authority the Settlement Class Member will present at the Fairness Hearing; and

d. Documentary proof of membership in the Settlement Class.

32. A lack of substantial compliance with these requirements may result in the Court declining to grant permission to the Settlement Class Member or their attorney to speak or present evidence or testimony at the Fairness Hearing. The Court finds that the procedures for Settlement Class Members to object to the Agreement are approved and satisfy Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

33. The Settlement Administrator shall rent a post office box for receiving objections, notices of intention to appear, and any other settlement-related communications, and shall promptly furnish copies of all such documents and communications to Class Counsel and Counsel for Avis Budget.

34. The Parties are directed to provide data to the Settlement Administrator consistent with the methods and timing set forth in the Agreement to facilitate the sending of Notice within the deadlines set forth in the Schedule below.

35. The Court will hold a Fairness Hearing on [date] at [time] at [location], as set forth in the Schedule below, during which the Court will consider whether the proposed Agreement should be finally approved as fair, reasonable, and adequate, and whether the Court should enter a Final Order and Judgment approving the Proposed Settlement and dismissing this Action on the merits,

EXHIBIT 1

with prejudice. The Court will also consider the amount of any Attorneys' Fees and Costs Award, and whether to make and the amount of any Service Award to the Named Plaintiff.

36. Class Counsel is directed to file any application for attorneys' fees, costs, and service award no later than thirty (30) days prior to the deadline for Settlement Class Members to file a Notice of Intent to object to settlement agreement. The Settlement Administrator is directed to post any such application to the Settlement Website.

37. The Fairness Hearing may be postponed, adjourned, or rescheduled by Court Order, with notice to Settlement Class Members via the settlement website and the Court's docket. The Court further reserves the right to enter a Final Judgment and dismissing the Action at or after the Final Approval Hearing and without further notice to the Settlement Class Members.

38. Based upon the terms of the Agreement, the Court imposes the following schedule for implementation of the Notice plan and further proceedings to determine whether the Proposed Settlement should be fully and finally approved:

EXHIBIT 1

| # | Action | Deadline |
|---|--------|----------|
| 1 | Website Notice Posted by Settlement Administrator | Not later than sixty (60) days from today's date) |
| 2 | Deadline for Settlement Administrator to mail out direct e-mail and mail notice ("Notice Date") | Not later than sixty (60) days from today's date |
| 3 | Deadline for Class Counsel to file Motion for Attorneys' Fees and Costs and for any Service Award | No later than thirty (30) days prior to the deadline to file Notice of Intent to object to agreement (thirty (30) days after Notice Date) |
| 4 | Deadline for submission of Notice of Intent to object to agreement | Sixty (60) days after the Notice Date |
| 5 | Deadline for Settlement Class Members to file claims. | One hundred and fifty (150) days after the Notice Date |
| 6 | Deadline for Class Counsel to file their Motion for Final Approval of the Settlement, along with any Response(s) to Class Member objections | Fifteen (15) days after the deadline to file Notice of Intent to object to agreement (75 days after Notice Date) |
| 7 | Deadline for Settlement Administrator to file proof of completion of Notice, along with complete and accurate Opt-Out list | No later than ten (10) days prior to the Fairness Hearing |
| 8 | Fairness Hearing | Month, Date, Year at Time (which is no earlier than 30 days after the deadline to file a Notice of Intent to object and approximately 150 days after entry of this Preliminary Approval Order) |

EXHIBIT 1

39. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

40. The Court stays all proceedings in this Action until further Order of the Court pending Final Approval of the Settlement, except that the Parties may conduct such limited proceedings as may be necessary to implement or effectuate the Agreement.

IT IS SO ORDERED.

Dated:_____                    _____
                                             Carlos Mendoza
                                             United States District Judge

EXHIBIT 1

# EXHIBIT 2

A settlement has been reached in the case *Heather Venerus, et al. v. Avis Budget Car Rental, LLC, et al.*, Case No. 6:13-cv-921-CEM-GJK. You may have previously received a Notice informing you that you might be a class member in a class action against Avis Budget Car Rental, LLC, and Budget Rent A Car Systems, Inc. (together "Avis Budget"). The Parties in the case have agreed to settle the case.

**Why am I getting this Notice?** You have been identified as a "Settlement Class Member" from Avis Budget's data, because you rented a vehicle from Avis Budget in Florida pursuant to a prepaid voucher that included $1 million in supplemental third-party liability coverage, between June 12, 2008, and December 31, 2015. You are receiving this Notice because the Parties have agreed to settle the case.

**What is this lawsuit about?** The Settlement resolves a lawsuit claiming that Avis Budget breached its rental contracts by failing to purchase a $1 million supplemental liability insurance ("SLI") policy from ACE American Insurance Co., which the Plaintiff alleged was required by the rental contract, for individuals who rented a vehicle in Florida pursuant to a prepaid voucher but were not involved in accidents that resulted in liability or uninsured/underinsured motorist coverage claims being asserted by or against them in connection with their rentals.

**Settlement Terms.** Avis Budget will pay at least $6.51 per rental day, plus prejudgment interest, to eligible Settlement Class Members who submit a valid claim. For example, if a Settlement Class Member rented a vehicle for ten (10) days, the claim payment would be for $60.51, plus applicable prejudgment interest. The average claim payment size, when including prejudgment interest, is [TBD]. The benefits available to Settlement Class Members, and the most Avis Budget is obligated to pay, is $33,956,613.00, which includes settlement of all valid claims of Settlement Class Members, administration costs (including to implement and effectuate class Notice), attorneys' fees and costs of up to $8,925,000.00, any service award to the Plaintiff, all of which is subject to court approval. If there are unclaimed funds after submission of all claims, the claim payment paid to eligible class members who submit timely and valid Claims will be increased from $6.51 to up to $7.46 per rental day, plus applicable prejudgment interest. The Motion for Attorneys' Fees and Costs and the Service Award will be filed within 30 days of the date this Notice was delivered and, upon filing, will be posted and can be accessed at www.___.com.

**How do I Receive Payment?** To receive a payment, you must submit a Claim Form online at www.___. Claim Forms must be postmarked or submitted online by ___. You can access a pre-filed Claim Form on-line by entering your Claimant ID, which is [ClaimantID No.]. After you submit a Claim Form, you will be given the option to choose whether to receive payment in the form of a physical check (if you provide/confirm your current mailing address), an e-mailed electronic gift card (if you provide/confirm your current email address), or an electronic payment (if you contact the Settlement Administrator to provide account information to which you want the payment to be deposited).

**Do I have any other options?** Unless you file a Claim Form, you will not be eligible to get a Settlement payment. You can do nothing if you choose, meaning you will not receive a Settlement payment. You may also object to the Settlement or ask for permission for you or your own lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections are due by **[MONTH], [DAY], [YEAR]**. More details and the full terms of the Proposed Settlement are available at www.___.com.

EXHIBIT 2

COURT ORDERED LEGAL NOTICE

**If you rented a vehicle a from Avis Budget in Florida from June 1, 2008 through December 31, 2015, pursuant to a prepaid voucher, you may be entitled to a payment.**

**Complete and submit a form online by**

**to receive a payment.**

Venerus v. Avis Budget
Class Action Settlement
PO BOX 0000
City, State, Zip Code

**Class Member John Doe**
**123 ABC Street**
**Miami, FL 12345**

EXHIBIT 2

# EXHIBIT 3

To:

From:

Subject: Venerus v. Avis Budget Settlement-File a Claim

**Avis Budget's records show you rented a vehicle in Florida between June 12, 2008 and December 31, 2015, and you are entitled to a payment from this class action settlement.**

**Claim your payment from the settlement by [Date].**

**A United States District Court authorized this Notice.**
**This is not a solicitation from a lawyer.**
**You are not being sued.**

Go to [insert link to www.[website].com] and enter your Claimant ID, which is [insert ClaimantID], to claim your payment.

A settlement has been reached in the case *Heather Venerus, et al. v. Avis Budget Car Rental, LLC, et al.*, Case No. 6:13-cv-921-CEM-GJK. You have been identified as a potential settlement class member from Avis Budget's claims data, because you rented a vehicle from Avis Budget in Florida, pursuant to a prepaid voucher for a car rental that included $1 million in supplemental third-party liability coverage, between June 12, 2008, and December 31, 2015.

You may have previously received a Notice informing you that you might be a class member in a class action against Avis Budget Car Rentals, LLC and Budget Rent A Car System, Inc. (together "Avis Budget"). The Parties have agreed to settle the case.

The Settlement resolves a lawsuit claiming that Avis Budget breached its rental contracts by failing to purchase a $1 million supplemental liability insurance ("SLI") policy from ACE American Insurance Co., which the Plaintiff alleged was required of Avis Budget by the rental contract, for individuals who rented a vehicle in Florida pursuant to a prepaid voucher from June 12, 2008, through December 31, 2015 and who did not have liability or uninsured/underinsured motorist coverage claims asserted by or against them in connection with their rentals.

Avis Budget will pay at least $6.51 per rental day, plus prejudgment interest, to eligible Settlement Class Members who submit a valid claim. For example, if a Settlement Class Member rented a vehicle for ten (10) days, the claim payment would be for $60.51, plus applicable prejudgment interest. The average claim payment size, when including prejudgment interest, is TBD. The benefits available to Settlement Class Members, and the most Avis Budget can pay, is $33,965,613.00, which includes settlement of all valid claims of Settlement Class Members, settlement administration costs (including the costs of implementing and effectuating class Notice), attorneys' fees and costs/expenses of litigation of up to $8,925,000.00, any service award to the Plaintiff, all of which is subject to court approval.. If there are unclaimed funds left available after submission of all claims, the claim payment paid to eligible class members who submit timely and valid Claims will be increased from $6.51 per rental day to up to $7.46 per rental day, plus applicable prejudgment interest. Any amount in attorneys' fees and costs and any service award to the Plaintiff must be approved by the judge. The Motion for Attorneys' Fees and Costs and Service Award will be filed on or before 30 days after this email was sent and, upon filing, can be accessed at www._____.com.

To be eligible for payment, you must submit a Claim Form online at www.____ , which can be accessed by clicking the above link, and entering your ClaimantID listed above. Claim Forms must be submitted by ___. After you submit a claim, you will be given the option to choose whether to receive the payment in the form of a physical check (if so, you will need to provide or confirm your current address), an

EXHIBIT 3

e-mailed electronic gift card (if so, you will need to provide or confirm your current e-mail address), or electronic payment (if so, you will need to contact the Settlement Administrator to provide the account information for the direct deposit).

Unless you timely file a Claim Form, you will not get a Settlement payment. Additionally, you may object to the settlement or ask for permission for you or your own lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections are due by **[MONTH], [DAY], [YEAR]**. Requirements for submitting a valid objection are fully set forth in the Proposed Settlement and longform Notice listed on the settlement website, www._____.com.

More details and the full terms of the Proposed Settlement is available at www._____.com. You can also contact the Settlement Administrator by emailing [email address] or hear the answers to frequently asked questions by calling [phone number] and following the prompts. You may also contact class counsel by emailing firm@normandpllc.com or by calling (407) 603-6031.

*Venerus v. Avis Budget,* Case No: 6:13-cv-921-CEM-GJK (M.D. Fla.).

EXHIBIT 3

# EXHIBIT 4

Claim Form

Name & Address: [PREFILLED]                CLAIMANT ID: [PREFILLED]

Date of Rental(s): [PREFILLED]             EMAIL ADDRESS: [PREFILLED]

## ADDRESS (only fill out if different from above)
Primary Address

| | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Primary Address continued

| | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

City:                                              State:      Zip Code:

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**EMAIL ADDRESS (only fill out if different from above or not listed above)**

| | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**ATTESTATION (required):** By signing below, I attest that I am the person identified above, and that, to the best of my knowledge, the information on this Claim Form is true and correct.

Signature:_____ Dated_____

Name (please print): _____

EXHIBIT 4

Blank Claim Form

## CLAIM FORM

To submit a claim, please: (1) provide your full name; (2) provide *either* the claim number listed on the rental contract *or* the year in which your rental(s) occurred (if you rented a vehicle from Avis Budget in Florida more than one time from 2009-2015, submit all years during which the rentals occurred); (3) provide your address; (4) sign and date this form by following the instructions below; and (5) submit the completed form on or before ___.

Name: _____

Claim Number(s): _____
**OR**
Year(s) of Rental(s): _____

Address:     _____

             _____

             _____

By signing below, I attest that I am the person identified above or I am the legally authorized personal representative, guardian, or trustee of the person identified above, and that, to the best of my knowledge, the information on this Claim Form is true and correct:

Signature:_____ Dated_____

Name (please print): _____

**To be considered, this Claim Form must be submitted on or before _____.**

EXHIBIT 4

# EXHIBIT 5

# CLAIM FORM

**To be considered, this Claim Form must be submitted on or before** _____ .

Name & Address: [PREFILL]                    CLAIMANT ID:_____ [PREFILL]

Date of Rental(s): [PREFILL]

## 1. ADDRESS (only fill out if different from above)
Primary Address

| | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Primary Address continued

| | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

City:                                    State:    Zip Code:

## 2. ATTESTATION (required): By signing below, I attest that I am the person identified above, and that, to the best of my knowledge, the information on this Claim Form is true and correct.

Electronic Signature:_____ Dated:_____

EXHIBIT 5

# EXHIBIT 6

Venerus, et. al. v. Avis Budget, et al.,
Case No. 6:13-cv-921-CEM-GJK

## IMPORTANT NOTICE OF CLASS ACTION SETTLEMENT

**A court authorized this Notice.**
**This is not a solicitation from a lawyer.**
**You are not being sued.**

### PLEASE READ THIS NOTICE CAREFULLY

A settlement has been reached in the case *Heather Venerus, et al. v. Avis Budget Car Rental, LLC, et al.*, Case No. 6:13-cv-921-CEM-GJK. This Notice explains: 1) the terms of the Settlement; 2) who is a member of the Class; 3) how to submit a claim for payment; 4) how to object to the Settlement; 5) how to get more information about the Settlement.

You may have previously received a Notice in this Action. You are receiving this Notice because the Parties have now reached a settlement agreement in the case, which entitles Settlement Class Members to a payment upon submission of a timely claim.

HELP IS AVAILABLE TO ASSIST YOUR UNDERSTANDING OF THIS NOTICE.
Call **1-###-###-####** toll free for more information. You can also contact Class Counsel at the contact information listed in this Notice.

## What is a Class Action?

A class action is a lawsuit in which one or more individuals bring claims on behalf of other persons or entities. These persons or entities are referred to as a "Class" or "Class Members." In a certified class action, the Court resolves certain issues, legal claims, and/or defenses for all Class Members in a single action, except for those persons or entities who timely request to be excluded from the Class.

## What is this Class Action About?

The Settlement resolves a lawsuit claiming that Avis Budget Car Rentals, LLC and Budget Rent A Car System, Inc. (together, "Avis Budget") breached its rental contracts by failing to purchase a $1 million supplemental liability insurance ("SLI") policy from ACE American Insurance Co. for individuals who are not United States citizens and who rented a vehicle in Florida pursuant to a prepaid voucher from June 12, 2008, through December 31, 2015. Plaintiff alleged that Avis Budget entered rental contracts whereby Avis Budget agreed to purchase a $1 million SLI Policy from ACE on behalf of Settlement Class Members, and breached the contracts by failing to do so.

**EXHIBIT 6**

Avis Budget maintains that it complied with the terms of the rental contracts and Florida law and deny that they acted wrongfully or unlawfully and continue to deny all material allegations.

This case was previously certified as a Class Action. You may have received Notice of the class certification. You are receiving this Notice because a Settlement of the case has been reached between the Plaintiffs, acting on behalf of the Class, and Avis Budget.

The district court is conducting a FAIRNESS HEARING on _____, to decide whether to grant final approval of the Proposed Settlement.

## Settlement Terms

As a part of the settlement, Avis Budget has agreed to:

1. pay Settlement Class Members who submit valid claims at least $6.51 per rental day, plus applicable prejudgment interest, which amounts to available benefits of $33,956,613.00 for the Class, for an average claim size of TBD per Settlement Class Member, although the actual claim payment for individual Settlement Class Members depends on the length of the Settlement Class Member's rental(s);
2. if there are unclaimed funds after submission of all valid claims, increase the payments to eligible Settlement Class Members who submit timely and valid claims from $6.51 per rental day to up to $7.46 per rental day, plus applicable prejudgment interest;
3. included as part of the $33,956,613.00, pay any attorneys' fees, attorneys' costs, and incentive awards to the Named Plaintiff and class counsel, if approved by the Court, which will not reduce any payment made to Settlement Class Members, unless the Valid Claims, administrative costs, attorneys' fees and costs approved by the Court, and service award approved by the Court together total an amount that exceeds $33,956,613.00.

In exchange, Plaintiff and the members of the Class, which does not include anyone who has previously requested to opt out of the Class after receiving the previous Notice in this Action, agree to give up any claim they have based on Avis Budget's alleged failure to procure a $1 million ACE SLI Policy or based upon Avis Budget's alleged provision of contractual third-party coverage or contractual self-insurance. If you are a member of the Class, you can submit a claim to be eligible for a payment as described herein. You may also, if you wish, object to the terms of the Settlement, if you comply with the requirements set forth below.

## How Do I Know if I'm a Member of the Class?

You are a member of the class action (a "Settlement Class Member") if: (1) you rented a vehicle, pursuant to a prepaid voucher, from Avis Budget in Florida (2) during the period of June 12, 2008 through December 31, 2015, (3) the prepaid voucher included $1 million in supplemental third-party liability insurance, and (4) neither you nor a third party submitted a claim following a motor vehicle accident in connection with your rental. You received this Notice because Avis Budget's records indicate you are a member of the Class. The full class definition is as follows:

EXHIBIT 6

All individuals who (1) rented an Avis or Budget vehicle in the State of Florida after June 12, 2008 and before January 1, 2016, pursuant to a prepaid voucher, and (2) whose Rental Receipt contained the notation "SLI .00/Day Accepted" or "ALI .00/Day Accepted.

Excluded from the Class are all such renters who have been involved in accidents and who have outstanding claims for liability or uninsured/underinsured motorist coverage, as well as all such renters whose liability or uninsured/underinsured motorist claims have been paid by Defendants.

Also excluded from the Class is anyone who previously requested to opt out of (i.e., to not be a part of) the Class after receiving the previous Notices that were sent out in this case. If you previously requested to opt out of the Class, you are not part of the Class, you are not eligible to submit a Claim for payment, and you do not need to request to opt out of the Class again.

## If I Am a Class Member, What Are My Options?

If you are a Class Member, you have three options.

### Option 1: Submit a Claim Form for Payment.

You may submit a Claim Form for payment of at least $6.51 per rental day, plus applicable prejudgment interest, and up to $7.46 per rental day, plus applicable prejudgment interest. The total benefits available to Settlement Class Members, if all Settlement Class Members submit timely claims, is $33,956,613.00. If you received a Notice in the mail or by e-mail, the Notice included your ClaimantID and linked or directed you to the settlement website where you can access a pre-filled Claim Form by entering your ClaimantID. You can call NUMBER or visit www._____.com and request that the Settlement Administrator send you a prefilled Claim Form by providing your ClaimantID listed in the mailed or e-mailed Notice(or a blank form that you will need to fill out if you do not have your ClaimantID).

You can submit a Claim Form online by visiting www._____.com, clicking the MAKE A CLAIM button, and following the steps outlined for you. You will need a ClaimantID, which was included in the Mailed and/or Emailed Notice. Otherwise, to submit a blank Claim Form, you will need to input your full name and current mailing address, as well as either the year(s) during which your rental(s) occurred, or the rental agreement number(s) listed on your rental contract(s). The rental agreement number is the nine digit number following the notation "RA" on your rental receipt.

When calculated as $6.51 per rental day, plus prejudgment interest, the average Claim Payment size is approximately TBD. However, the actual amount to which Settlement Class Members who submit valid claims will be entitled depends on the length of the rental. When calculated as $7.46 per rental day, plus prejudgment interest, the average Claim Payment size is approximately TBD. The most Avis Budget is obligated to pay to Settlement Class Member is $33,956,613.00, which includes settlement of all valid claims of Settlement Class Members, settlement administration costs (including the costs of implementing and effectuating class Notice), attorneys' fees and

EXHIBIT 6

attorney's costs/expenses of litigation of up to $8,925,000.00, and any service award to the Plaintiff, all of which is subject to court approval. If, after submission of all timely, valid claims, unclaimed funds remain, the claim payment paid to eligible class members who submit timely and valid Claims will be increased from $6.51 per rental day to up to $7.46 per rental day, plus applicable prejudgment interest. The amount between the minimum amount ($6.51 per rental day, plus prejudgment interest) and the maximum amount ($7.46 per rental day, plus prejudgment interest) that Settlement Class Members will receive will depend on the amount of unclaimed funds.

If you submit a Claim Form online, you will also be asked to identify the method by which your Claim Payment will be issued (assuming your Claim is determined to be valid). Your options are: (1) a physical check mailed to your current address (if you choose this option, you will need to confirm the address listed remains your current address, update the address, or enter your current address if blank); (2) an electronic gift card sent via e-mail (if you choose this option, you will need to either confirm the e-mail address listed remains your current e-mail address, update the e-mail address, or enter your current e-mail address if blank); or (3) electronic payment via Venmo, PayPal, or similar companies (if you choose this option, you will need to e-mail the Settlement Administrator to facilitate the process of providing account information for the payment deposit).

If you submit a Claim Form in the mail, it must be postmarked no later than _____. If you submit an Electronic Claim, you must do so by 11:59 p.m. on _____.

**Option 2: Object to the Terms of the Settlement.**

The full terms of the Settlement can be found at www._____.com. If you think the terms of the Settlement are not fair, reasonable, or adequate to the Class Members, you can file a Notice of Intent to object to the terms of the Settlement.

To properly object to the terms of the Settlement, you must send, with sufficient postage, a Notice of Intent to object to the terms of the settlement and to appear at the Fairness Hearing (described below) to the following:

Venerus, et. al. v. Avis Budget, et al.
c/o NAME
ADDRESS
ADDRESS

The Notice of Intent must include the following:

1. The name of the case and case number;

2. Your name, address, telephone number, and signature;

3. The specific reasons why you object to the terms of the Proposed Settlement;

EXHIBIT 6

4. The name, address, bar number, and telephone number of any attorney who represents you related to your intention to object to the terms of the Settlement;

5. State whether you and/or your attorney intend to appear at the Fairness Hearing and whether you and/or your attorney will request permission to address the Court at the Fairness Hearing.

If you and/or your attorney intend to request permission to address the Court at the Fairness Hearing, your Notice of Intent must also include the following:

1. A detailed statement of the legal and factual basis for each of your objections;

2. A list of any witness you may seek to call at the Fairness Hearing (subject to applicable rules of procedure and evidence and at the discretion of the Court), with the address of each witness and a summary of his or her proposed testimony;

3. A list of any legal authority you may present at the Fairness Hearing; and

4. Documentary proof of membership in the Settlement Class.

Notices of Intent to object must be postmarked by _____. Any Notice of Intent that is not postmarked by the deadline set forth above or which does not comport with the requirements listed above may waive the right to be heard at the Fairness Hearing.

**<u>Option 3</u>. Do Nothing.**

You have the right to do nothing. If you do nothing, you release any claim against Avis Budget related to the claims and allegations in this lawsuit which are part of the Released Claims as defined by the Settlement Agreement, even if you do not submit a Claim for payment.

**<u>Who Is Representing the Class?</u>**

The District Court has appointed Heather Venerus (the "Named Plaintiff") to be the representative of the Class. The District Court has also appointed the following lawyers as Class Counsel for those Class Members:

| | |
|---|---|
| Edmund Normand, Esq.<br>Jacob Phillips, Esq.<br>Normand PLLC<br>3165 McCrory Place, Suite 175<br>Orlando, FL 32803<br>Telephone: (407) 603-6031<br>Facsimile: (888) 974-2175<br>Ed.normand@normandpllc.com<br>Jacob.phillips@normandpllc.com<br>NormandPLLC.com | Christopher J. Lynch<br>Christopher J. Lynch, P.A.<br>6915 Red Road, Suite 208<br>Coral Gables, Florida 33143<br>Telephone: (305) 443-6200<br>Facsimile: (305) 443-6204<br>clynch@hunterlynchlaw.com<br>HunterLynchlaw.com |

EXHIBIT 6

These lawyers are experienced in handling class action lawsuits. More information about Class Counsel is available on their websites above.

Class Counsel will file an application for attorneys' fees and costs of no more than $8.925 million dollars, subject to approval by the Court. Avis Budget has agreed to pay Class Counsel that amount if approved by the Court. You will not be personally responsible for any fees, costs or expenses incurred by Class Counsel relating to the prosecution of this case. After it is filed, the Motion for Attorneys' Fees and Costs will be posted and can be accessed at the settlement website.

Class Counsel will also seek a Service Award to the Plaintiffs in the amount of $25,000, subject to court approval. The Service Award is designed to reward the Plaintiff for securing the recovery awarded to members of the Class, and to acknowledge the time spent by the Plaintiffs in sitting for deposition, providing discovery, participating in the case and mediation, and prosecuting the claim for the benefit of the Class. In this case, the Plaintiff has been prosecuting this claim for almost nine years, which has included extensive discovery, depositions, travel, mediations, appeals, and other time expended. Avis Budget has agreed to pay the Service Award to the Plaintiff up to the amount of $25,000, if approved by the District Court.

### What Claim(s) Are Settlement Class Members Releasing?

As a part of the Settlement, Settlement Class Members agree not to sue Avis Budget by asserting any claim related to allegations that Avis Budget failed to procure a $1 million SLI Policy from a licensed insurance company, or that Avis Budget improperly provided self-funded contractual coverage or contractual self-insurance, in connection with a prepaid voucher rental from June 12, 2008 through December 31, 2015. The full terms of the Released Claims and Released Parties can be found in the Proposed Settlement at www._____.com.

### How Do I Find Out More About This Lawsuit?

If you have any questions about the lawsuit or any matter raised in this notice, please call toll-free at **1-###-###-####** or go to www._____.com.

This www._____.com website provides:
1. An Electronic Claim Form and directions for how to submit;
2. The full terms of the Settlement;
3. Information and requirements for submitting a claim, requesting exclusion, or filing a Notice of Intent to object to the terms of the Settlement
4. A copy of the complaints filed by Plaintiffs and other important rulings and orders from the District Court during the case prior to Settlement; and
5. Other general information about the class action.

You also may contact class counsel, whose contact information and websites are provided above. Please do not contact Avis Budget about this case or proposed Settlement. Avis Budget's employees and customer service representatives will likely not have any knowledge about this case or settlement and will be unable to assist you. If you have further questions, please instead contact the Settlement Administrator or Class Counsel.

EXHIBIT 6

Complete copies of the documents filed in this lawsuit that are not under seal may be examined and copied at any time at the United States District Court, Middle District of Florida, 401 West Central Boulevard, Orland, FL 32801.

PLEASE DO NOT TELEPHONE OR CONTACT THE DISTRICT COURT OR THE CLERK OF THE DISTRICT COURT REGARDING THIS NOTICE.

IT IS SO ORDERED, HON. CARLOS MENDOZA, U.S. DISTRICT COURT JUDGE
DATED: _____ ##, 2022

EXHIBIT 6

# EXHIBIT 7

## PAYMENT OPTION FORM

If your claim is determined to be valid and timely, you can receive payment in one of the three options below. **Please select the method by which you wish to receive payment**, including the necessary information depending on which option you select. You can only select one option.

**OPTION 1:** I wish to receive the Claim Payment via physical check, mailed to the following address: [Pre-filled address associated with ClaimantID, if any]

If you are selecting Option 1, and if the address field above is blank or is not your current mailing address, please provide the correct mailing address in the field below:

[Blank Field Box]

[Yes/No checkbox]

**OPTION 2**: I wish to receive the Claim Payment via an electronic VISA gift card, e-mailed to the following e-mail address: [Pre-filled e-mail address associated with ClaimantID, if any]

If you are selecting Option 2, and if the e-mail address above is blank or is not your current e-mail address, please provide the correct e-mail address in the field below:

[Blank Field Box]

[Yes/No checkbox]

**OPTION 3**: I wish to receive the Claim Payment via electronic payment to my account with PayPal or similar company or e-banking payment. If you are selecting Option 3, the Settlement Administrator will email you at your email address to ask you for the information needed, including the account number and type, to facilitate the electronic payment. If the e-mail address above is blank or is not your current e-mail address, please provide the correct e-mail address in the field below:

[Blank Field Box]

[Yes/No checkbox]

EXHIBIT 7

[SUBMIT BUTTON]

EXHIBIT 7