## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**HEATHER VENERUS,**
**individually and on behalf of all**
**others similarly situated,**

                **Plaintiff,**

**v.**                                 **Case No: 6:13-cv-921-CEM-DAB**

**AVIS BUDGET CAR RENTAL,**
**LLC, and BUDGET RENT-A-CAR**
**SYSTEM, INC.,**

                **Defendants.**

---

### REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**  **PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT (Doc. No. 509)** |
| **FILED:**      **January 14, 2022** |
| |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DEFERRED in part**. |

## I.    BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises out of two rental car companies' business practice of selling

Supplemental Liability Insurance or Additional Liability Insurance (collectively, SLI/ALI) to international customers even though the companies lacked the authority and allegedly left the renters without legally valid insurance coverage. On June 12, 2013, Plaintiff Heather Venerus, on behalf of herself and others similarly situated, instituted this putative class action against Avis Budget Car Rental, LLC ("Avis") and Budget Rent-A-Car System, Inc. ("Budget") (collectively, the "Defendants").   Doc. No. 1.   On August 15, 2013, Plaintiff filed the Amended Complaint against Defendants (Doc. No. 32), asserting that Defendants sold supplemental liability insurance ("SLI") and/or additional liability insurance ("ALI") coverage in bundled car rental agreements in violation of the common law and Florida Statutes. *Id.* As a result, Plaintiff, on behalf of herself and the putative class, asserts against Avis claims for: breach of contract; and unjust enrichment; and against Defendants for violation of Fla. Stat. § 624.401, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and violation of Fla. Stat. § 722.104. *Id.* at 12-18.

Following certain rulings by the District Judge initially denying class certification, Plaintiff filed an appeal, and the Eleventh Circuit reversed and remanded the certification issue on February 1, 2018. Doc. Nos. 339, 344. On March 29, 2019, District Judge Carlos Mendoza granted Plaintiff's Motion to Certify the following class:

> All individuals who (1) rented an Avis or Budget vehicle
> in the State of Florida after June 12, 2008, pursuant to a
> prepaid voucher, and (2) whose Rental Receipt contained
> the notation "SLI .00/Day Accepted" or "ALI .00/Day
> Accepted.
>
> Excluded from the Class are all such renters who have
> been involved in accidents and who have outstanding
> claims for liability or uninsured/underinsured motorist
> coverage, as well as all such renters whose liability or
> uninsured/underinsured motorist claims have been
> paid by Defendants.

Second Class Certification Order, Doc. 370. The Eleventh Circuit rejected

Defendants' attempt to seek interlocutory review of the certification. Doc. 377.

On November 30, 2020, the Court granted Plaintiff's motion to amend the

class definition so that it is limited to individuals who rented vehicles after June

12, 2008, and before January 1, 2016. In the Second Class Certification Order,

Plaintiff was designated as class representative. *Id.* at 17. Edmund Normand, Esq.

and Jacob Phillips, Esq., of Normand Law PLLC, and Christopher J. Lynch, Esq. of

Christopher J. Lynch, P.A. ("Class Counsel") were approved as class counsel. *Id.*

During the ensuing fourteen months, the parties filed numerous motions to strike

pleadings, for summary judgment and to exclude expert witness testimony, as

well as motions in limine and other filings in preparation for trial. *See, e.g.,* Doc.

Nos. 405, 409, 415, 417, 419, 420, 463-468. The trial date was ultimately rescheduled

for January 3, 2022. Doc. No. 478.

On January 14, 2022, Plaintiff filed the "Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement" including the Proposed Preliminary Schedule (the "Motion"). Doc. No. 509. In support of the Motion, Plaintiff filed the Declaration of Jacob Phillips, Plaintiff's counsel, and the Class Action Settlement Agreement (the "Agreement"). Attached to that Agreement as exhibits are the following: the Mailed Notice of Class Action Settlement (the "Proposed Mail Notice"), the E-mail Notice of Class Action Settlement (the "Proposed E-mail Notice), the Proposed Mail Claim Form, the Proposed Electronic Claim Form, the Proposed Longform Notice Form, and the Proposed Payment Option Form. Doc. No. 509.

The parties reached the Agreement after ten years of litigation and mediation. Doc. No. 509 at 7. Defendants support the Settlement and join in seeking approval from the Court to conclude this litigation.

## II.   RULE 23 REQUIREMENTS

In the Motion, Plaintiff seeks preliminary approval of the settlement of this class action. Doc. No. 509 at 22. The Agreement contemplates its preliminary approval, certification of a settlement class,[1] followed by notice to the settlement class, a period for claims to be submitted by the members of the settlement class,

---

[1] The Motion requests that the Court find the Settlement Class Certification warranted, Doc. No. 509 at 11.

and ultimately, after a hearing, this Court's entry of a final order certifying the settlement class and approving the settlement. Doc. No. 509 at 22.

### A. General Requirements

A class may be certified only if (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims of the representatives are typical of the claims of the unnamed members; and (4) the named representatives will be able to represent the interests of the class adequately and fairly. Fed. R. Civ. P. 23(a). These prerequisites to class certification are referred to as "numerosity, commonality, typicality, and adequacy of representation," and are "designed to limit class claims to those fairly encompassed by the named plaintiffs' individual claims." *Prado– Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000). "The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349, 131 S.Ct. 2541, 2550 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). The burden of establishing the propriety of class certification rests with the advocate of the class. *Valley Drug Co. v. Geneva Pharms.*, Inc., 350 F.3d 1181, 1187 (11th Cir. 2003).

In addition to the prerequisites of Rule 23(a), at least one of the three alternative subsections of Rule 23(b) must be satisfied to certify a class. *Babineau v.*

*Fed. Express Corp.*, 576 F.3d 1183, 1190 (11th Cir. 2009). Plaintiffs seek certification under Rule 23(b)(3), which requires them to demonstrate (1) that questions of law or fact common to class members predominate over any questions affecting only individual members, and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Id*. Failure to establish any of the required elements of Rule 23(a) or Rule 23(b) (3) precludes class certification. *Valley Drug*, 350 F.3d at 1188 (citation omitted). Even when the parties have not contested an element of Rule 23, "a court nevertheless has the responsibility of conducting its own inquiry as to whether the requirements of Rule 23 have been satisfied in a particular case." *Id.*

Most of these issues have been addressed previously and resolved in favor of proceeding with the class action. *See Order at Doc. 370.* Other matters are discussed below.

### B. Settlement Class

In cases certified before settlement, "the only class certification issues at the settlement stage concern whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted." 4 Newberg on Class Actions § 13:18 (5th Ed. Dec. 2021 update).

The Agreement proposes to define the Settlement Class slightly differently than the class that the Court certified. *Compare* Doc. No. 509-1 at 17 with 370 at 9.

In the Agreement, the Settlement Class is defined as it is in the Second Class

Certification Order, but now excludes certain individuals:

> Also excluded from the Settlement Class are (1) the trial
> judge presiding over this case; (2) Defendants, as well as
> any parent, subsidiary, affiliate, or control person of
> Defendants, and the officers, directors, agents, servants
> or employees of Defendants; (3) any of the Released
> Persons; (4) the immediate family of any such person(s);
> (5) any Settlement Class Member who has timely opted
> out of or requested exclusion from the Settlement after
> either of the previous Notices and opportunity to opt out
> were provided; and (6) Class Counsel, their employees
> and agents, and their immediately family.

Doc. No. 509-1 at 17. Plaintiff states that "[t]he Settlement Class mirrors the

certified Class except that it explicitly excludes individuals who opted out after

receiving notice of the previous class certification Orders." Doc. No. 509 at 2.

Plaintiff further argues that no further inquiry is required under F.RC.P. Rule 23(b)

because no changes exist. Doc. No. 509 at 11. In support, Plaintiff references the

Advisory Committee's 2018 amendments to Rule 23 that provide if the Court has

already certified a class, the only information ordinarily necessary is "whether the

proposed settlement calls for any change in the class certified." *Id.* Where no

changes exist, certification can be reaffirmed. *Id.*

Despite Plaintiff's assertion in this case that the modified definition does not

change the certified class, the Motion on its face excludes some individuals who

were previously included in the certified class. Nonetheless, upon review of the

exclusions, it is readily apparent that that the modifications do not substantively or materially alter the Settlement Class and can be treated as technical corrections. The Motion demonstrates that the Agreement containing the modified definition of the class certified by the Court should be approved.

### C. Other Requirements

As noted above, issues as to commonality, numerosity, typicality, adequacy of representation, predominance of issues and superiority of class proceedings have already been addressed by the Court. Doc. 370. No basis for reconsidering those conclusions is present.

### D. Fairness, Reasonableness, and Adequacy of Proposed Settlement

Under Federal Rule of Civil Procedure 23(e)(2), the Court may approve a proposed class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate . . . ." In determining whether the settlement agreement is fair, reasonable, and adequate, the Court must consider the following factors:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> > (i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

"Federal courts have long recognized a strong presumption in favor of class action settlements, and courts have been instructed to consider several factors in determining the fairness of a class action settlement." *Chambers v. Groome Transportation of Alabama, Inc.,* No. 3:14CV237-CSC, 2015 WL 9255332, at *2 (M.D. Ala. Dec. 17, 2015). The Eleventh Circuit has instructed the district court to consider the following factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Faught v. Am. Home Shield Corp.,* 668 F.3d 1233, 1240 (11th Cir. 2011).

Reviewing these considerations the undersigned concludes as follows. Class Counsel adequately represented the class by vigorously pursuing this litigation.

The parties have participated in extensive discovery and motions practice, including conducting 21 depositions, Plaintiff serving seven sets of interrogatories, five sets of document requests, requests for admission, and multiple third-party requests. Doc. No. 509 at 5. The extensive motions practice in this case included multiple motions to dismiss, multiple motions to strike pleadings, eight motions to strike expert testimony, two separate cross motions for summary judgment, several motions to compel, two motions for class certification, a motion to bifurcate trial, two motions for reconsideration of summary judgment, three motions to decertify the class, a motion for relief from judgment, a motion for reconsideration of the order certifying the class and denying relief from judgment and to certify for interlocutory appeal, and an appeal from final judgment and of the order denying the motion for class certification. *Id.* at 4-5.

The previous settlement efforts of the parties and attorneys, including four mediation sessions with Mediators Peter Grilli and Rodney Max and Magistrate Judges Thomas Smith and Daniel Irick (Doc. No. 509-2 at 11), support the conclusion that the Agreement was negotiated at arm's length. Review of the costs, risks, and delay of trial and appeal, is subsumed in the discussion below as to the *Faught* factors.

### E. Merits

The Agreement treats Class Members equitably relative to each other, as the distribution is determined by a claims-made structure. Under the Agreement the Defendants will:

> (1) pay up to $33,956,613.00 in benefits to Settlement Class Members, such that (2) members of the Settlement Class who submit a valid claim, as set forth in the Notice provisions of the Settlement Agreement, will receive at least $6.51 per rental day, plus prejudgment interest, in damages, and up to $7.46 per rental day, plus prejudgment interest, depending on whether (and in what amount) there are unclaimed funds following submission of claims.

(collectively, the "Settlement Amount"). Doc. No. 509 at 5-6. The class members who submit a valid claim specifying the number of days that class member rented a vehicle from Defendants during the applicable period will receive commensurate payments. Doc. No. 509 at 16. This is a reasonable requirement. *Hamilton v. SunTrust Mortg. Inc.*, No. 13-60749-CIV, 2014 WL 5419507, at *6 (S.D. Fla. Oct. 24, 2014) ("There is nothing inherently suspect about requiring class members to submit claim forms in order to receive payment.").

Looking at the likelihood of success at trial, this case involves novel issues of law, many of which are issues of first impression. Doc. No. 509-2 at 10. Further, "this Court found a triable issue on the question of damages, and there is significant risk that a jury would find that Class Members sustained nominal damages, or no damages." Doc. No. 509-2 at 11. Plaintiff has maintained that "the

Court's orders on class certification and summary judgment were correctly decided, and still believes there is substantial support for this Court's decisions." Doc. No. 509-2 at 11. But Plaintiff recognizes that "[a] risk remains, however, that the Eleventh Circuit will agree with Defendants on one or more of their arguments on the merits." *Id.* Defendants contend and maintain that they have strong defenses to the merits of the claim as well as the class certification process, including that Plaintiff lacks Article III standing, as do the Class Members because no out-of-pocket loss was sustained. Doc. No. 509-2 at 10. There is no indication that either party is clearly likely to succeed at trial, and thus this factor weighs in favor of approving the settlement.

Regarding the second and third factors—the range of possible recovery and the point on or below the range of possible recovery at which the settlement is fair, adequate, reasonable, and in the best interest of the Settlement Class—Class Counsel represents that "[e]ven at the low end of $6.51 per rental day, this almost certainly represents more than 100% of the restitution damages that the Class could have secured at trial." Doc. No. 509-2 at 15. Plaintiff represents the policy rate was $9.95 per day, which could be adjusted plus or minus 25% ($7.46 per day to $12.44 per day). Doc. No. 509-2 at 17. Thus, for expectation damages, the most that could be secured at trial is $12.44 per day, the maximum policy rate. *Id.* Based on this maximum policy rate, the damages represent either 52.3% (if $6.51 per day)

or 59.9% (if $7.46 per day) of total possible expectation damages. *Id.* "If the policy rate was $7.46 per day, then damages represent either 87.3% or 100% of damages that could be secured at trial in expectation damages." *Id.* The Settlement Amount is within the range of possible recovery, and thus factors two and three weigh in favor of finding the Agreement fair, adequate, and reasonable.

Regarding the fourth factor—the complexity, expense, and duration of litigation—this case was commenced on June 12, 2013, and for nearly 10 years the parties have engaged in extensive discovery and motions practices, at least four mediation sessions, and prepared for trial three times by filing all pre-trial motions and filings, including deposition designations, exhibit lists, objections, motions in limine, pretrial statements, jury instructions, verdict forms, etc. Doc. No. 590-2 at 9. This case involves novel issues of law, many of which are issues of first impression. *Id.* at 10. As stated in Attorney Jacob Phillip's declaration,

> [t]o Class Counsel's knowledge, this is the first case in the country addressing (1) whether a car rental company breaches its contracts if it purports to directly handle, adjust, and pay claims submitted against renters who are in an auto accident; (2) whether would be insureds can recover the value of an insurance policy irrespective of premiums paid, if at all, for the policy; (3) whether purporting to provide contractual coverage constitutes acting as an insurer in the absence of any claims or an explicit contractual promise to do so.

Doc. No. 509-2 at 10-11. Thus, the complexity, expense, and duration of the litigation weigh in favor of finding the Agreement fair, reasonable, and adequate.

Regarding the fifth factor, at this stage of the proceedings, there is no evidence of the substance and amount of any opposition to the Agreement.

Finally, the sixth factor—the stage of proceedings at which the settlement was achieved—favors finding the Agreement fair, reasonable, and adequate. As noted above, the Agreement was entered "after ten years of litigation and following multiple mediations, include recent settlement discussions and negotiations supervised by mediator Rodney Max, as well as Magistrate Judge Irick." Doc. No. 509 at 3. The parties engaged in extensive discovery "which has allowed each side to fully explore the strengths and weaknesses of its positions." Doc. No. 509-2 at 4.

Review of the relevant factors demonstrates that the Agreement is fair, reasonable, and adequate.

### F. Notice

Should a party attempt to certify a class under Federal Rule of Civil Procedure 23(b)(3), notice must be provided to all class members. *Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 305 (M.D. Fla. 2001). Rule 23(c)(2) requires that the notice be as "best [as] practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.* (citing Fed. R. Civ. P. 23(c)(2)(B)). When reviewing the settlement for preliminary approval, the Court must "review and approve the proposed form of notice to the

class . . . ." *Family Med. Pharmacy LLC v. Perfumania Holdings,* 2016 WL 7320885, at

*5.

> Rule 23(c)(2)(B) requires that the notice contain the following:
>
>> (i) the nature of the action;
>> (ii) the definition of the class certified;
>> (iii) the class claims, issues, or defenses;
>> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>> (v) that the court will exclude from the class any member who requests exclusion;
>> (vi) the time and manner for requesting exclusion; and
>> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

When reviewing the settlement for preliminary approval, the Court must "review

and approve the proposed form of notice to the class …" *Family Med. Pharmacy*,

2016 WL 7320885, at *5.

"The Parties agreed to multiple forms of Notice and a simple claims process.

Direct notice by email or by postal mail, which will direct class members (through

a hyperlink, as for the email notice) to the settlement website, where Class

members can access a pre-filled electronic claim form." Avis Budget will extract and

provide information from its records to pre-fill information on the claim forms, which the

claimant will be able to update or confirm. *See* Doc. 509 at 7-8. Additionally, the Parties

agreed to a tailored social media Notice based on best practices of the Settlement

Administrator. Doc. No. 509-2 at 13. The Agreement states that [t]he E-mail Notice

and Mail Notice will contain a ClaimantID and will link to or direct the Settlement

Class Member to a website at which he or she can access a Claim Form by entering their ClaimantID. Doc. No. 509-1 at 21. The Agreement states that the Settlement Administrator shall continue to maintain the website VenerusCarRentalInsurance.com and post the Settlement Agreement, Notice, Longform Notice, Electronic Claim Form, Preliminary Approval Order, Summary Judgment Order, and frequently asked questions." *Id.*

The content and method of the Proposed Notice demonstrate compliance with Rule 23, including subsection (c)(2)(B), and the requirements of due process, and is the best notice that is practicable under all the circumstances.

## III.   ADDITIONAL MATTERS

### A. Attorney's Fees

Plaintiff provides Class Counsel will file a motion with the Court prior to the Fairness Hearing requesting an award of attorney's fees and costs. Doc. No. 509-1 at 32. Plaintiff also agrees that Class Counsel will not request an award of attorney' fees and costs exceeding $8,925,000. Doc. No. 509-1 at 32. Defendants will not oppose or object to a motion requesting any award of attorney's fees that does not exceed $8,925,000. Doc. No. 509-1 at 31. Notably, the maximum fee request is in the range of 20 to 30% of the class recovery. The Agreement sets forth the timing by which Defendants must pay Class Counsel's attorney's fees in various contingencies. Doc. No. 509-1 at 33. These terms are reasonable.

### B. Service Award

The Agreement also provides for a "service award" to Plaintiff, not exceeding $25,000. Doc. No. 509-1 at 32. In *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020) (*petition for rehearing en banc pending*), the Eleventh Circuit held that incentive awards for class action representatives that compensate them for their time and reward them for bringing lawsuits are prohibited. "A plaintiff suing on behalf of a class can be reimbursed for attorneys' fees and expenses incurred in carrying on the litigation, but he cannot be paid a salary or be reimbursed for his personal expenses." *Id.* at 1257. The Eleventh Circuit stated that an incentive award "is roughly analogous to a salary . . . ." *Id.* "Incentive awards are intended not only to compensate class representatives for their time (i.e., as a salary), but also to promote litigation by providing a prize to be won (i.e., as a bounty)." *Id.* at 1258. Prohibiting incentive awards is also in line with Eleventh Circuit "precedent carefully scrutinizing settlements that give class representatives preferred treatment." *Id.* at 1259 n.9.

Plaintiff and Class Counsel argue that this cause of action arises under state law requiring the Court to apply state law to the service award analysis, and thus *Johnson* does not prohibit them. Doc. No. 509 at 10 n.2. They point out that *Johnson* itself involved an incentive payment arising under a federal cause of action. *Id.*

The undersigned does not find this distinction persuasive in light of the expansive and sweeping analysis in *Johnson.*

The Court is mindful, however, as recognized in the *Johnson* opinion itself, the ruling is something of an outlier among the circuits and is a significant change from long-standing practice. It is noted also that there is a pending petition for rehearing *en banc* in *Johnson, mandate withheld*, No. 18-12344 (Nov. 9, 2020). Thus, while the proscription set forth in *Johnson* is clear, it is not well-settled law.

Under these circumstances and in consideration of the extensive professional efforts devoted by counsel here and the legitimate expectations of the parties, the Court may wish to defer ruling on the validity of the incentive payment until *Johnson* is more settled. *See, e.g., Mosley v. Lozano Ins. Adjusters, Inc.*, No. 3:19-CV-379-TJC-JRK, 2021 WL 289031, at *1 (M.D. Fla. Jan. 28, 2021) (deferring ruling on the issue of the service award and retaining jurisdiction pending a final decision in *Johnson*, directing the parties to deposit the service award into the Court's registry pending "the Court's determination of the service award issue," and directing the parties to "notify the Court of the final decision in *Johnson* within fourteen days of the same").

## IV.   CONCLUSION

Based on the foregoing, it is respectfully **recommended** as follows:

1. The parties' Unopposed Motion for Preliminary Approval of proposed Class Action Settlement (Doc. 509) be **granted in part and deferred in part** as to the "service award" to the Named Plaintiff Yolanda Turner, which should be held in escrow until resolution of the *Johnson* decision.

2. The District Judge preliminarily approve the parties' Settlement Agreement (Doc. 509 Exhibit A) as fair, reasonable, and adequate; approve as to form, content, and procedure, the Notice set forth in the Agreement and its exhibits; and order the parties to adhere to the deadlines set forth in the Motion and the Settlement Agreement.

3. The District Judge provisionally certify the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(2) as set forth below and allow class members to opt-out or object to the Settlement pursuant to the procedures and deadlines set forth in the Settlement Agreement.

4. The District Judge find, based on the parties' stipulations, and for settlement purposes only, the following:

   a. The above-described Settlement Class is so numerous that joinder of all members is impracticable;
   b. There are questions of law or fact common to the Settlement Class;
   c. The claims of the Class Representative are typical of the claims of the Settlement Class;
   d. The Class Representative will fairly and adequately protect the interests of the Settlement Class;

     e.  The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

     f.  Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

     g.  The Court has personal jurisdiction over the Settlement Class members (as defined above) and Defendants.

5.  The District Judge re-confirm approval as Settlement Class counsel the law firms of Edmund Normand, Esq. and Jacob Phillips, Esq., of Normand Law PLLC, and Christopher J. Lynch, Esq. of Christopher J. Lynch, P.A.

6.  The District Judge

     a.  set a final approval hearing for a date at least sixty days from the date of any of the Order adopting this Report and Recommendation to address whether the proposed Agreement should be approved;

     b.  stay all proceedings in this case until further Order of the Court, except as may be necessary to implement the terms of the Settlement; and

     c.  direct Class Counsel, pursuant to Rule 23(h), to file a motion for attorney's fees and costs no later than fourteen days before the objection deadline for class members.

## **NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on June 24, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy